**Willie WILSON, Plaintiff,**

v.

**P. J. DONOVAN, Deputy Commissioner, Seventh Compensation District, Bureau of Employees' Compensation, U. S. Department of Labor, and T. Smith & Son, Inc., Defendants.**

**No. 12975.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 18, 1963.

---

Zelden & Zelden, Max Zelden, New Orleans, La., for plaintiff.

Gene S. Palmisano, Asst. U. S. Atty., for P. J. Donovan.

Sehrt, Boyle & Wheeler, Virgil M. Wheeler, Jr., New Orleans, La., for T. Smith & Son, Inc.

AINSWORTH, District Judge.

Plaintiff was injured on June 14, 1958, while working as a longshoreman for T. Smith & Son, Inc., and while aboard a vessel afloat on navigable waters of the United States. He was paid compensation under the Federal Longshoremen's Act (33 U.S.C.A. § 901 et seq.) at $54.00 per week until April 12, 1959. Thereafter, on August 6, 1959, he filed suit in the Civil District Court, Parish of Orleans, State of Louisiana, for Louisiana workmen's compensation on account of said injury, which matter is still pending and apparently will not be pursued because of the adverse decision of the Louisiana Supreme Court in Ellis v. Travelers Insurance Company, 1961, 241 La. 433, 129 So.2d 729, which held that a longshoreman injured while working on board an ocean-going vessel afloat on navigable waters may not claim Louisiana workmen's compensation but is limited to a claim under the Federal Longshoremen's Act. On May 10, 1961, formal claim was filed by plaintiff with the Deputy Commissioner for benefits under the Federal Longshoremen's Act. (See Stipulation of the parties.)

This matter is before us on motions for summary judgment filed by plaintiff and by the two defendants.

There is no dispute as to the present facts which are based on the record in Case No. 2–6870 pending before defendant Deputy Commissioner Donovan. The question presented here is whether an employee suit filed in a Louisiana State Court against an employer for recovery under the Louisiana Workmen's Compensation Act is a suit for damages as contemplated by Title 33 U.S.C.A. § 913 (d), sufficient to toll the statute of limitation of one year in claims under the Federal Longshoremen's Act. The claim was not filed with the Deputy Commissioner until more than two years after receipt of the last compensation payment. Section 913(d) reads as follows:

> "Where recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that such employer had secured compensation to such employee under this chapter, the limitation of time prescribed in subdivision (a) of this section shall begin to run only from the date of termination of such suit."

The word "damages" has been subject to a variety of definitions and interpretations. Here the term "damages" should be given a general legal definition. In 25 C.J.S. Damages § 1, p. 452, it is stated that "Damages" means "the compensation which the law will award for an injury done, a compensation, recompense, or satisfaction in money for a loss or injury sustained." This definition was quoted with approval and applied in the case of Employers Mutual Liability Insurance Co. v. De-Bruin, 271 Wis. 412, 73 N.W.2d 479 (1955).

946

A suit for workmen's compensation is one in which a party seeks to recover an award which is provided by the law for his injury or loss. Employers Mutual Liability Insurance Co. v. DeBruin, 271 Wis. 412, 73 N.W.2d 479 (1955), Hagenah v. Lumbermen's Mutual Casualty Co., 241 Wis. 226, 5 N.W.2d 760, 142 A.L.R. 1417 (1942), and Aetna Casualty & Surety Co. v. Jordan, 234 Ark. 339, 352 S.W.2d 75 (1961), hold that a suit under a Workmen's Compensation Act is a suit for damages. In the Hagenah case it is said that the words "damages" and "compensation" are used interchangeably, citing as an example the case of Texas & P. Ry. Co. et al. v. City of Marshall, 1890, 136 U.S. 393, 405, 10 S. Ct. 846, 849, 34 L.Ed. 385, where the United States Supreme Court used "compensation" and "damages" to refer to the same concept, that of damages. In Patterson v. Sears-Roebuck & Co., 5 Cir., 1952, 196 F.2d 947, 949, the court, in speaking of a suit brought for wrongful death, said:

> "This is: that the act [Alabama Workmen's Compensation Act] intends to and does, provide the exclusive remedy for death *damages* in case of employee-employer injuries."

With due deference and respect for our late brother, Judge Caillouet, this court is in disagreement with his statement in Dawson v. Jahncke Drydock, D.C.La., 1940, 33 F.Supp. 668, that a suit under the State Workmen's Compensation Act is not a suit at law for damages sufficient to toll limitation in a claim for Federal Longshoremen's benefits. No authority is cited in support of his view.

To give a narrow and restricted interpretation to the term "damages" in this case is unwarranted. It would result in a denial to the plaintiff (by time bar) of his rights which Congress sought to give him. We have given the term "damages" its generally accepted legal definition without expanding or restricting its meaning.

Because of the definition of "damages" as applied by this court and the cases cited holding that suits for workmen's compensation are suits for damages, it is our conclusion that the suit filed by plaintiff in the Louisiana State Court for State workmen's compensation was a suit at law for "damages" as that term is contemplated in the Federal statute, thereby tolling the statute of limitation of one year as provided in Title 33, Section 913(d).

Accordingly, there will be summary judgment herein in favor of plaintiff recalling, revoking and setting aside compensation order dated November 26, 1962 in Case No. 2–6870 of defendant P. J. Donovan, Deputy Commissioner, who is enjoined from further carrying out said order; and this matter is remanded to the Deputy Commissioner for further action consistent with this opinion.

The motions for summary judgment of defendants P. J. Donovan, Deputy Commissioner, and T. Smith & Son, Inc. are denied.