571 F. 2d 272
 INGALLS SHIPBUILDING DIVISION, LITTON SYSTEMS, INC., Petitioner,
v.
Roy HOLLINHEAD, and Director, Office of Workers'
Compensation Programs, U. S. Department of Labor,
Respondents.
 No. 77-2480
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 April 13, 1978.
 
 George E. Morse, Gulfport, Miss., for petitioner.
 Bobby G. O'Barr, Biloxi, Miss., Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Assoc. Sol., Mary A. Sheehan, U. S. Dept. of Labor, NDOL, Washington, D. C., for respondents.
 Petition for review of an Order of the Benefits Review Board.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case the employer appeals a decision of the Benefits Review Board, United States Department of Labor, affirming the decision and order of the administrative law judge awarding benefits to Roy Hollinhead pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. (Supp. V, 1975).
 
 
 2
 In affirming, we hold that under 33 U.S.C.A. § 913(d) the filing of a claim under the Mississippi Workmen's Compensation Act tolls the Longshoremen's Act one-year statute of limitations, 33 U.S.C.A. § 913(a), so that the claim under the Longshoremen's Act was timely filed, as set forth in Administrative Law Judge Charles F. Simon's well-reasoned opinion, the relevant portion of which is annexed hereto as an Appendix. Wilson v. Donovan, 218 F.Supp. 944 (E.D.La.1963) (holding that a claim under the Louisiana Workmen's Compensation statute tolls the Longshoremen's limitation period), aff'd per curiam sub nom. T. Smith & Son, Inc. v. Wilson, 328 F.2d 313 (5th Cir.), cert. denied, 379 U.S. 816, 85 S.Ct. 31, 13 L.Ed.2d 28 (1964).
 
 
 3
 The finding of a causal relationship between the claimant's employment injury and his mental disorder is supported by substantial evidence in the record. That one physician's report would constitute substantial evidence to the contrary is immaterial on review of findings that are themselves based on other substantial evidence. See Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947); Todd Shipyards Corp. v. Donovan, 300 F.2d 741 (5th Cir. 1962).
 
 
 4
 AFFIRMED.
 
 APPENDIX
 Conclusions of Law
 
 5
 1. The first question to be resolved is the timeliness of the filing of the Claimant's claim for compensation. Section 13(a) of the Act provides that the right to compensation for disability is barred unless a claim is filed within one year after the injury (33 U.S.C. § 913(a)). In the event that payment of compensation is made without an award the time runs from the date of the last payment. In this case Employer made no voluntary payments. However, Employer did file a Form BEC-202, Employer's First Report of Accident, which was dated July 12, 1972 (Joint Exh. 1). This was within the ten-day period for filing provided by Section 30(a) of the Act, so that the statutory period for Claimant to file a claim, started to run on July 5, 1972, the date of the injury. Claimant's claim was dated August 7, 1973 (Joint Exh. 3), more than 13 months after the accident.
 
 
 6
 Employer asserted its right at the hearing to object to the failure to file the claim in a timely fashion (Tr. 7), so there has been no waiver under 33 U.S.C. § 913(b). Claimant, however, contends (Tr. 23, 24) that the filing and pendency of a workmen's compensation claim before the Mississippi Workmen's Compensation Commission (Cl. Exh. 6), serves to toll the running of the time for filing because of Section 13(d) of the Act which reads as follows:
 
 
 7
 (d) Where recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that such employer had secured compensation to such employee under this chapter, the limitation of time prescribed in subdivision (a) of this section shall begin to run only from the date of termination of such suit.
 
 
 8
 Claimant's claim before the Mississippi Workmen's Compensation Commission was received by that body on January 22, 1973, less than 7 months after the injury. The claim was withdrawn on May 1, 1973, and Claimant submitted his claim under the Act under date of August 7, 1973. The question is whether the Mississippi claim qualifies as a "suit brought at law or in admiralty to recover damages" under Section 13(d) of the Act which will toll the one-year statute of limitations during the time of its pendency. I conclude that it does.
 
 
 9
 A case in point is Wilson v. Donovan, 218 F.Supp. 944, D.C.La., 1963; affirmed without opinion, 328 F.2d 313; cert. den. 379 U.S. 816, 85 S.Ct. 31, 13 L.Ed.2d 28. In the Wilson case Claimant was injured on June 14, 1958, while working as a longshoreman. He was paid compensation under the Act until April 12, 1959. On August 6, 1959, he filed for Louisiana workmen's compensation and his claim was still pending at the time of the District Court's decision. On May 10, 1961, more than two years after receipt of the last compensation payment under the Act, he filed a formal claim with the Deputy Commissioner for benefits under the Act. The question, according to the Court, was whether an employee's suit under the Louisiana Workmen's Compensation Act is a suit for damages as contemplated by 33 U.S.C. § 913(d), sufficient to toll the statute under the Federal Longshoremen's Act.
 
 
 10
 The Court in the Wilson case discussed the definition of the term "damages" and quoted with approval the following definition from 22 C.J.S. 452:
 
 
 11
 Damages means the compensation which the law will award for an injury done, a compensation, recompense, or satisfaction in money for a loss or injury sustained.
 
 
 12
 After discussing and citing a number of cases, the Court in Wilson made the following statement (218 F.Supp. at 946):
 
 
 13
 To give a narrow and restricted interpretation to the term "damages" in this case is unwarranted. It would result in a denial to the plaintiff (by time bar) of his rights which Congress sought to give him. We have given the term "damages" its generally accepted legal definition without expanding or restricting its meaning.
 
 
 14
 Because of the definition of "damages" as applied by this court and the cases cited holding that suits for workmen's compensation are suits for damages, it is our conclusion that the suit filed by plaintiff in the Louisiana State Court for State workmen's compensation was a suit at law for "damages" as that term is contemplated in the Federal statute, thereby tolling the statute of limitation of one year provided in Title 33, Section 913(d).
 
 
 15
 Admittedly there is authority holding contra to the Wilson case. See 33 U.S.C.A. § 913, Note 15, p. 189. Nevertheless, I am of the opinion that when proper consideration is given to the intent of the Act as well as the type of provision being construed, the conclusion drawn by the Court in Wilson provides the correct rule to follow.
 
 
 16
 It is well established principle that the Act must be liberally construed in conformance with its purpose and in a way which avoids harsh and incongruous results. Voris v. Eikel, 346 U.S. 328 at 333, 74 S.Ct. 88, 98 L.Ed. 5 (1953). As the Court stated in Blackwell Construction Co. v. Garrell, 352 F.Supp. 192 at 196 (1972):
 
 
 17
 It is well recognized that the (Longshoremen's) Act is to be liberally construed in the light of its remedial and humanitarian purpose. * * * The Court will not construe the Act so as to enable plaintiffs to escape liability to persons entitled to recover for an admittedly compensable death (or injury) by reading into it technical restrictions on the tolling of the filing period which are inconsistent with the purpose of the Act.
 
 
 18
 The Blackwell case involved an interpretation of Section 13(a) of the Act which provides for tolling of the statute during periods when compensation is paid without an award. Accordingly, the facts differ from those in the instant case. However, the principle of avoiding technical restrictions is applicable.
 
 
 19
 The case of Kobilkin v. Pillsbury, et al., 103 F.2d 667 (1939) is an example of strict enforcement of Section 13(a) of the Act. However, the Benefits Review Board in Walker v. Rothschild-International Stevedore Company, 526 F.2d 1137 (1974), a case interpreting Section 13(a) of the Act, referred to the Kobilkin case, among others, and held (Opinion, page 9) "that the better view is based on the liberal intent and judicial construction of the Act, which is that the filing of a claim for workmen's compensation is an administrative procedure and is not subject to the same standards as the filing of legal actions in the court of law."
 
 
 20
 In considering the procedural requirements of statutes, such as those set forth in Section 13 of the Longshoremen's Act, the question which constantly recurs "is whether, in any particular case involving a loss of benefits for procedural reasons under an otherwise meritorious claim, the indispensability of the procedural purpose so served outweighs the thwarting of the protective functions of the Act." (3 Larsen's Workmen's Compensation Law, p. 2).
 
 
 21
 Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them. I hold that the filing and processing by Claimant of his claim before the Mississippi Workmen's Compensation Commission is an adequate excuse under Section 13(d) of the Act for failing to file his claim under the Longshoremen's Act within the year allowed by Section 13(a) of said Act, and that Claimant's claim is not barred by the time limitation provided in Section 13(a). There is no evidence that Respondents suffered any prejudice due to the failure of Claimant to file his claim within the statutory period. Section 13 was not intended to provide a technical device to release the employer and insurer from their obligations, but merely to prevent prejudice to them from the entertainment of stale claims.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I