**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 98-60606**
_____

**GEORGE HILL,**

**Claimant-Petitioner,**

**VERSUS**

**DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS;**
**U. S. DEPARTMENT OF LABOR; and AVONDALE**
**SHIPYARDS, INCORPORATED, self-insured employer,**

**Respondents.**

_____

Petition for Review of an Order of the
Benefits Review Board
_____

November 10, 1999

Before POLITZ, DeMOSS, and BENAVIDES, Circuit Judges.

DeMOSS, Circuit Judge:

George Hill appeals the Benefits Review Board's ("Board") affirmance of the Administrative Law Judge's ("ALJ") decision that Hill's disability benefits claim was untimely under § 913 of the Longshore Harbor Workers' Compensation Act ("LHWCA" or "Act"), 33 U.S.C. §§ 901-50. Hill further appeals the reduction in attorneys' fees and costs. For the reasons stated below, we affirm.

On October 1, 1980, Hill injured his back while working for Avondale Shipyards, Inc. ("Avondale"). After a week of disability leave, Hill returned to his sandblasting job until mid-November 1980, when Avondale transferred him to a position in crane hooking. Hill continued to work in that capacity until he was laid off in March 1983.

On August 1, 1983, Hill experienced back pain and entered a hospital emergency room. He was referred to Dr. Robert Fleming, who evaluated him on August 23, 1983. Fleming informed Hill that he had two bulging discs and would need surgery.

Hill subsequently petitioned for state workers' compensation benefits on February 21, 1984. The Louisiana district court dismissed Hill's suit as being statutorily time-barred under the Louisiana Workers' Compensation Statute[1] because he filed for benefits over three years after the date of the accident. Hill appealed the decision, but the Louisiana Fifth Circuit Court of Appeals affirmed on February 25, 1992, and the Louisiana Supreme Court denied certiorari and/or review on October 2, 1992. Hill's

---

[1] Section 23:1209 of the Louisiana Revised Statutes provides in pertinent part:

> [W]hen the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

application for reconsideration was further denied on November 6, 1992.

During the pendency of this state claim, Hill filed a claim for compensation under the LHWCA on June 24, 1992.   The ALJ concluded that Hill became aware, or by the exercise of reasonable diligence should have been aware, of the relationship between his back injury and his job with Avondale on August 23, 1983, the date of Dr. Fleming's consultation.  As a result, that date triggered the one-year limitations period to file a claim under § 913(a) of the LHWCA.[2]  In Hill's case, the one-year limitations period would have terminated by August 23, 1984, seven and a half years before Hill ever filed his LHWCA claim.  Section 913(d) provides a tolling exception to § 913(a), but the ALJ found that Hill's claim did not warrant the benefits of that provision.[3]  Among other things, the

_____

[2]  Section 913(a) states:

Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death . . . . The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment.

[3]  Section 913(d) states:

Where recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and that the defendant was an employer within the meaning of this chapter and that such employer had secured compensation to such employee under

3

ALJ concluded that it was illogical for an untimely state claim to suspend the statute of limitations for a LHWCA claim that was also untimely filed.  Lastly, the ALJ reduced the amount of attorneys' fees and costs requested by Hill's counsel.

The Board affirmed, agreeing with the ALJ that a claim filed in an untimely manner under a state compensation law cannot toll the statute of limitations for filing a claim under the LHWCA.  In addition, the Board affirmed the ALJ's reduction of fees and costs, but modified it to include a sum for preparing the fee petition. This appeal ensued.


## II.

We evaluate an order of the Board for errors of law and to ensure that the Board reviewed the ALJ's findings of fact for substantial evidence.  *See* **Louis Dreyfus Corp. v. Director, OWCP**, 125 F.3d 884, 886 (5th Cir. 1997).  Substantial evidence is relevant evidence that is more than a scintilla but less than a preponderance.  *See* **Director, OWCP v. Ingalls Shipbuilding, Inc.**, 125 F.3d 303, 305 (5th Cir. 1997).  When reviewing the findings of fact, we may not substitute our judgment of the facts for that of the ALJ or reweigh or reappraise the evidence.  *See* **Louis Dreyfus**, 125 F.3d at 886.

---

this chapter, the limitation of time prescribed in subsection (a) of this section shall begin to run only from the date of termination of such suit.

4

Hill first challenges the Board's and the ALJ's determination that an untimely state claim does not toll a LHWCA claim's statute of limitations. To bolster his argument, he maintains that the Board improperly ignored our holding in ***Ingalls Shipbuilding Div., Litton Sys., Inc. v. Hollinhead***, 571 F.2d 272 (5th Cir. 1978), and the Board's own decision in ***Calloway v. Zigler Shipyards, Inc.***, 16 B.R.B.S. 175 (1984).

In ***Hollinhead***, we confronted a Mississippi claimant who initially filed a state claim for benefits less than seven months after his injury. He later withdrew the claim and submitted another one under the LHWCA over thirteen months after the injury. Although the LHWCA claim was time-barred under § 913(a), the ALJ found that the claimant's filing and processing of his state claim was an adequate excuse under § 913(d) to toll the statute of limitations. We ultimately affirmed the ALJ's decision and annexed relevant portions of the ALJ's conclusions of law to our opinion. *See* ***Hollinhead***, 571 F.2d at 273-75. Unlike the present case, however, ***Hollinhead*** did not address the issue of whether an untimely state claim is an adequate ground for applying the tolling provision. Indeed, the precise question presented in ***Hollinhead***

was whether a state claim for workers' compensation qualified as a suit brought at law or in admiralty to recover damages as required under § 913(d).[4]  See *Hollinhead*, 571 F.2d at 273.

In *Calloway*, several survivors of a man killed in a barge explosion initially filed a suit in admiralty, alleging that they were entitled to damages under the Jones Act.  The district court ultimately dismissed the suit when it found that the employer (Zigler) was not the owner pro hac vice of the barge and that the decedent was not a seaman under the Jones Act.  While the admiralty suit was pending and some thirteen months after the employee's death, the survivors filed a claim under the LHWCA.  Despite that claim being time-barred under § 913(a), the ALJ ruled that the survivors' claim fell within the tolling provision of § 913(d) and approved portions of the claim.  On appeal, the Board rejected the employer's argument that § 913(d) did not apply because the admiralty suit was not dismissed for the reasons explicitly stated in § 913(d), i.e., because the decedent was an employee and Zigler was an employer under the Act and because Zigler secured compensation for the decedent.  The Board concluded that the grounds, upon which recovery is denied in a suit brought at law or in admiralty, are irrelevant for purposes of § 913(d).

---

[4]  Thus, the ALJ's decision discusses, at length, a district court decision from Louisiana, *Wilson v. Donovan*, 218 F. Supp. 944 (E.D. La. 1963), *aff'd*, 328 F.2d 313 (5th Cir. 1964), which held that workers' compensation claims are suits at law for damages for purposes of § 913(d).

Notwithstanding this ruling, we readily distinguish the propriety of extending the tolling provision to the claimants in *Calloway* from the case at hand. Contrary to Hill, the *Calloway* plaintiffs' first attempt to receive benefits, via the admiralty suit, was timely. To allow an untimely LHWCA claim to piggy-back on a prior stale claim would be an abuse of § 913(d)'s tolling provision and would subvert the purpose of statutes of limitation. Such statutes aim to provide fairness to defendants and to afford plaintiffs a reasonable period of time within which to present their claims. *See* **Albertson v. T.J. Stevenson & Co., Inc.**, 749 F.2d 223, 232 (5th Cir. 1984) (citations omitted). "Fairness to the defendant requires the prompt vindication of known rights to ensure that the defendant is not prejudiced as a result of lost evidence, fading memories, and disappearing witnesses." *Id*. Here, Avondale would be at a substantial disadvantage in defending against Hill's claim due to the number of years that have passed since his accident. And unlike the employers in **Hollinhead** and **Calloway**, who were able to appropriately investigate and contest their employees' LHWCA claims due to those employees' having timely filed their initial compensation actions; Avondale never had such an opportunity. Because Hill untimely filed his state compensation claim, Avondale merely had to concern itself with the prescription issue in state court, rather than the merits of Hill's claim. Accordingly, there was no impetus for Avondale to properly

7

investigate that claim and procure evidence that could later be used in an LHWCA action.

Based on these facts and the differences between this case and the decisions in **_Hollinhead_** and **_Calloway_**, we hold that an untimely state law claim cannot toll the statute of limitations for filing a LHWCA claim.

### III.

As a corollary to the appeal of the benefits award, Hill also seeks a modification of the attorneys' fees and costs awarded in this case. The ALJ reduced the number of necessary attorneys' fee hours by 75% based on Hill's failure to succeed in the prosecution of his primary claim for permanent total and partial disability compensation. Furthermore, the ALJ excluded hours for services performed prior to the date of the case's referral to the Office of Administrative Law Judges, lowered the hourly rate of one of Hill's counsel, reduced the time requested for telephone calls lacking in specificity, denied some blanket charges for work on non-descript correspondence, and denied charges for unwarranted medical and legal research. The Board affirmed, but it allowed an additional sum for preparation of the fee petition.

We note that an ALJ's reduction of attorneys' fees and costs will be affirmed on appeal unless it is arbitrary, capricious, or an abuse of discretion. _See_ **_Ledet v. Phillips Petroleum Co._**, 163

F.3d 901, 905-06 (5th Cir. 1998). Here, the ALJ conducted an extensive review of counsel's requested fees and costs, discussing in detail the basis for the adjustments. Based on our examination of the record, we cannot conclude that the ALJ's analysis was legally infirm or that he abused his discretion in amending the requested attorneys' fees and costs. Consequently, we find no error in the Board's affirmance.

**IV**.

Because an untimely filed state claim cannot toll the statute of limitations of an LHWCA claim and because the reduction in fees and costs was not an abuse of discretion, the decision of the Benefits Review Board is AFFIRMED.