United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 02-60468

———————————————

AVONDALE INDUSTRIES, INC.,

Petitioner,

versus

CHARLENE DAVIS; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. Department of Labor; JOSEPH G. ALBE,

Respondents.

———————————————————————

Petition for Review of a Decision and Order
of a Benefits Review Board

———————————————————————

Before REAVLEY, JONES, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Avondale Industries ("Avondale") petitions this Court for review of a judgment of the

Benefits Review Board ("BRB") awarding $15,500 in attorney's fees to respondent Charlene Davis

("Davis") pursuant to the Longshoreman and Harbor Workers' Compensation Act ("LHWCA") §

28(b), 33 U.S.C. § 928(b).

1

## I. FACTS AND PROCEEDINGS

Davis injured her back during the course of her employment with Avondale in February 1993. Avondale voluntarily paid temporary total disability benefits. When Davis's physician released her to light duty, Avondale offered her several light duty positions, which she refused to accept. Thus, Avondale terminated her benefits, and Davis filed a claim.

The administrative law judge ("ALJ") held a hearing on March 26, 1998, and issued an opinion on March 9, 1999. The ALJ found that Davis reached her maximum medical improvement in August 1995, and that Avondale properly terminated her benefits. The ALJ ordered Avondale to pay for all future psychiatric treatment that was necessary to treat the severe depression Davis had developed as a result of the accident. In addition, the ALJ assessed penalties against Avondale in the amount of $736.50 because it had changed Davis's compensation rate without providing sufficient information to the Secretary of Labor when it made the change. Avondale did not appeal.

Davis's attorney filed for attorney's fees in the amount of $30,000 for the work he performed on Davis's claim pursuant to the LHWCA § 28(b), 33 U.S.C. § 928(b). Avondale objected, arguing that Davis's attorney did not work on the issues upon which Davis had prevailed, and that the limited issues upon which she succeeded related only to issues raised by the ALJ. The ALJ agreed that the fees were excessive, reduced several excessive entries, and tailored the fee award to $15,500 in proportion to the limited success of Davis's claims.

Avondale appealed to the BRB, again contending that Davis's attorney had little or no effect on the ALJ's decision to award compensation to Davis. The BRB remanded to the ALJ for further consideration of three issues: (1) the extent to which counsel's efforts affected the award of future

2

psychiatric treatment; (2) the extent to which counsel's efforts affected the award of penalties and interest; and (3) the rationale for reducing the fee by one-third.

The ALJ rendered its decision on April 10, 2001, finding that counsel's efforts were "intimately related" to Davis's success. Further, he explained that, after reducing several excessive entries, he further reduced the award by one-third because Davis had prevailed on two-thirds, or four of six, of the issues present ed. Applying a deferential standard of review, the BRB affirmed. Avondale petitioned for reconsideration of the decision *en banc*. Finding that the fee award was supported by substantial evidence on the record, and that the ALJ applied the correct legal standard, the BRB again affirmed. Avondale now appeals the BRB's decision.

## II. STANDARD OF REVIEW

When reviewing decisions of the BRB, this Court examines "whether [the BRB] correctly concluded that the Administrative Law Judge's order was supported by substantial evidence on the record as a whole and is in accordance with the law." *Conoco v. Dir., OWCP*, 194 F.3d 684, 687 (5th Cir. 2000) (quoting *Ingalls Shipbuilding, Inc. v. Dir., OWCP*, 991 F.2d 163, 165 (5th Cir. 1993)).

## III. DISCUSSION

On appeal, Avondale urges this Court to vacate the BRB's decision to affirm the ALJ's award of attorney's fees because: (1) the ALJ's decision to award Davis coverage of her future psychiatric treatment was based upon the ALJ's own rationale; and (2) the ALJ's decision to assess the $736.50 penalty against Avondale only required the ALJ to apply facts to law.

The applicable provision of the LHWCA § 28(b), provides in pertinent part:

[I]f the compensation . . . awarded is greater than the amount paid or tendered by the employer or carrier, a reasonable attorney's fee *based solely upon the difference between the amount awarded and the amount tendered or paid* shall be awarded.

33 U.S.C. § 928(b) (emphasis added). Because § 28(b) requires a showing of success by the claimant for the award of attorney's fees, an ALJ must apply the factors set forth in *Hensley v. Eckerhart*[1] in determining whether an award of attorney's fees is warranted. *See George Hyman Constr. v. Brooks*, 963 F.2d 1532, 1535 (D.C. Cir. 1992) (applying *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), in reviewing a BRB's affirmance of an award of attorney's fees under 33 U.S.C. § 928(b)).

*Hensley* prescribes a two-step analysis with regard to the award of attorney's fees to a prevailing party. First, the ALJ should confine the fee award only to work done on the successful claims. *Id.* Second, the success obtained on the remaining claims should be proportional to the efforts expended by counsel. Accordingly, "[w]hen a party achieves only partial or limited success . . . then compensation for all of the hours reasonably expended on the litigation as a whole . . . may be an excessive amount." *Id.* (internal quotations omitted).

To some extent, the ALJ in this case applied the proper legal framework, determining that counsel's work was "intimately related" to the claims on which Davis was successful, and then reducing the entire fee in light of the fact that she was only successful on four of her six claims. After a review of the record, it is clear that Davis's counsel expended a great deal of effort presenting evidence of Davis's psychological condition and entitlement to future coverage of treatment. As

---

[1]As noted in *George Hyman Construction v. Brooks*, 963 F.2d 1532, 1535-36 (D.C. Cir. 1992), although the analysis applied in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), originally applied in the 42 U.S.C. § 1988 attorney's fees context, the *Hensley* Court explicitly stated that the standards set forth in the opinion were "generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party." *Hensley*, 461 U.S. at 433 n.7 (internal quotations omitted); *see Ingalls Shipbuilding*, 991 F.2d at 166.

such, the ALJ did not err in finding that Davis's counsel's work was interrelated with the claims on which Davis was successful. *See id.* at 1538.

Where the ALJ's analysis falls short, however, is his failure to further take into account the fact that Davis only recovered the limited amount of $736.50 in penalties and interest, plus future medical costs, when reducing the fees in light of the success obtained. Section 28(b) specifically requires that an ALJ base attorney's fees "solely upon the difference between the amount awarded and the amount tendered or paid." 33 U.S.C. § 928(b). The ALJ did not apply this provision. Here, the difference between the amount awarded and the amount tendered equals future medical costs for psychiatric care, plus $736.50 and interest. Yet, the ALJ made no attempt to quantify the award and take it into consideration when determining the amount of the attorney's fees award. Given the fact that this limited recovery is the sole basis for recovery of attorney's fees under LHWCA § 28(b), $15,500 in attorney's fees may be excessive.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the BRB erred by not remanding Davis's award of attorney's fees to the ALJ for further examination. Thus, we GRANT Avondale's petition for review, VACATE the BRB's decision, and REMAND for proceedings consistent with this opinion.

5