# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2010

No. 09-60865
Summary Calendar

Lyle W. Cayce
Clerk

EMMANUEL STALLWORTH,

Petitioner,

v.

NORTHROP GRUMMAN SHIP SYSTEMS,  INC.; DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

Petition for Review of an Order of the
United States Department of Labor
Case No. 09-0303

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a final order of the Benefits Review Board ("Board") affirming the District Director's reduction of Petitioner's counsel's attorney fees for services performed while Petitioner's case was pending before the District Director.  For the reasons that follow, we AFFIRM the Board's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60865

### FACTS AND PROCEDURAL BACKGROUND

Emmanuel Stallworth, a painter, injured his shoulder at work on July 18, 2005. Subsequently, Stallworth filed a claim for disability compensation pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§901-50. Before the District Director, Stallworth's attorney largely focused his argument on the assertion that Stallworth's average weekly wage ("AWW") was $682.12. The ALJ, however, determined that Stallworth's AWW is now $581.76. Prior to this determination, Respondent Northrop Grumman had voluntarily been paying Stallworth an AWW of $588.07.

After the ALJ issued his Decision and Order, Stallworth's attorney submitted a fee petition to the District Director seeking an attorney's fee of $4,871.25, representing 21.25 hours of legal services at $225.00 per hour, plus $90.00 of expenses. After considering the Respondent's objections, the District Director reduced the hourly rate to $200, disallowed one of the itemized entries, and reduced the award by one-half to reflect the fact that "very little [was] gained by claimant and/or that there was limited success on the disputed issues." The District Director noted that Stallworth's attorney's argument and presentation before the District Director focused mostly on the issue of AWW, an issue that Stallworth eventually lost since the ALJ awarded him an AWW lower than that he was already receiving from his employer. Consequently, applying this Court's decision in *Ingalls Shipbuilding, Inc. v. Director, OWCP*, 991 F.3d 163 (5th Cir. 1993), the District Director determined that Stallworth's attorney's fee award should be reduced to reflect the "limited success" Stallworth's attorney had on the main issue he raised and litigated. Notably, the District Director reasoned as follows:

> In the instant case, counsel for claimant admits that AWW was one
> of 2 issues in dispute before this office and the O[ffice of the A]LJ.
> It was the only issue in  the first conference held on May 8, 2007

2

and was a part of the discussion about what claimant's entitlement to loss of wage-earning capacity benefits should be in the second informal conference held on August 28, 2007. Clearly, the claim for increasing the AWW was lost.

Accordingly, the district director reduced Stallworth's counsel's fee award to $2,480.63.

Stallworth appealed the District Director's reduction of the attorney fee to the Board. In evaluating Stallworth's contention that the District Director had erred in reducing the fee, the Board observed that "[t]he district director noted claimant's success in obtaining an ongoing award of permanent partial disability, but found he was unsuccessful of the issue of increasing his average weekly wage; in fact, it was decreased." The Board agreed with the District Director's determination that AWW was the "major issu[e] in dispute" since "average weekly wage was the only issue discussed at the first informal conference and that it also was discussed at the second informal conference concerning claimant's entitlement to ongoing benefits." Accordingly, because Stallworth lost on the issue of AWW, the Board reasoned it should affirm the District Director's reduction of the attorney fee-award by half.

Stallworth has timely filed his appeal of the Board's final order to this Court.

## STANDARD OF REVIEW

"Our review of Board decisions is limited." *Ingalls*, 991 F.2d at 165. "We inquire only whether the Board correctly concluded that the ALJ's order was supported by substantial evidence on the record as a whole and is in accordance with the law." *Id.* (internal quotations omitted). Furthermore, "an ALJ's reduction of attorneys' fees and costs will be affirmed on appeal unless it is arbitrary, capricious, or an abuse of discretion." *Hill v. Director, OWCP*, 195 F.3d 790, 794 (5th Cir. 1999).

No. 09-60865

## DISCUSSION

On appeal, Stallworth argues that the Board committed error in affirming the District Director's fee reduction since 1) the District Director's decision to reduce the fee award as a result of Stallworth's "losing on an issue" contravenes the Supreme Court's decision in *Hensley v. Echerhart*, 461 U.S. 424 (1983); and 2) the District Director's decision to use a "fractional multiplier to reduce a fee award" was an act considered to be "arbitrary, capricious and/or abuse of discretion."

Our review of the record and applicable law, however, leads us to conclude that the District Director's order reducing the attorney's fee is supported by the substantial evidence in the record and is in accordance with the law. Accordingly, we conclude that the Board did not err in affirming the District Director's fee reduction.

## I.    THE SUPREME COURT'S DECISION IN *HENSLEY*

Stallworth's contentions that the District Director's order contravened the Supreme Court's decision in *Hensley* are without merit.  In *Hensley*, the Supreme Court held that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436.  The Supreme Court reasoned that "[t]his will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*. Consequently, the adjudicator "may simply reduce the award to account for the [attorney's] limited success." *Id*. at 436-37.[1]

---

[1] The Fifth Circuit has determined that the Supreme Court's decision in *Hensley* is applicable to a District Director's consideration of fee awards requested pursuant to the LHWCA. *See Avondale Indus., Inc. v. Davis*, 348 F.3d 487, 490 (5th Cir. 2003) ("Because § 28(b) requires a showing of success by the claimant for the award of attorney's fees, an ALJ must apply the factors set forth in *Hensley v. Eckerhart* in determining whether an award of attorney's fees is warranted.").

No. 09-60865

In the present case, the substantial evidence in the record supports the Board's conclusion that Stallworth's attorney only achieved partial or very limited success. In his order, the District Director noted that AWW "was the only issue in the first conference held on May 8, 2007 and was a part of the discussion about what claimant's entitlement to loss of wage-earning capacity benefits should be in the second informal conference held on August 28, 2007." Consequently, the District Director determined that because the ALJ awarded Stallworth a lower AWW than what Respondent Northrop Grumman was already paying Stallworth, Stallworth's attorney failed to succeed on the major issue presented to the District Director. Accordingly, he reduced the fee by one-half to account for the attorney's limited success.

As a result, we cannot conclude that the District Director's decision contradicts the Supreme Court's decision in *Hensley*.

## II.    ARBITRARY, CAPRICIOUS, AND/OR ABUSE OF DISCRETION

In his second issue on appeal, Stallworth argues that the District Director's decision to simply reduce the fee award by one-half—instead of meticulously calculating the exact number of hours Stallworth's attorney spent on the "successful" versus the "non-successful" issue—constitutes a decision that is arbitrary, capricious, and/or an abuse of discretion. We do not agree.

In regards to how the District Director must go about calculating the exact amount of a fee reduction, the Supreme Court has held that "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. Consequently, "[t]he [adjudicator] may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

In the present case, the District Director reasoned that although Stallworth's attorney argued two issues, he lost on the main issue he litigated before the District Director. As such, a reduction of the fee award by one-half is

No. 09-60865

fully supported by the substantial evidence in the record and cannot be considered arbitrary or capricious. To conclude otherwise would undermine the *Hensley* Court's edict that "[t]here is no precise rule or formula for making these determinations." *Id.* at 436.

## CONCLUSION

For the aforementioned reasons, we conclude that the final order of the Board affirming the District Director's fee reduction is supported by the substantial evidence in the record and is in accordance with the law. The decision of the Board is AFFIRMED.