# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 19-60337
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2020

Lyle W. Cayce
Clerk

TRAMOND BOURGEOIS,

     Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; FAB-CON,
INCORPORATED; SIGNAL MUTUAL INDEMNITY ASSOCIATION,
LIMITED,

     Respondents

————————————

Petition for Review of an Order of the
Benefits Review Board

————————————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Petitioner-appellant Tramond Bourgeois, a former employee of appellee Fab-Con, Inc., filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA") after he was injured while working on navigable waters on May 31, 2014. The Administrative Law Judge ("ALJ") found that Bourgeois suffered injuries to his right shoulder, right ankle, and lower back as a result of the accident and ordered his employer to pay disability benefits from June 1 through November 14, 2014. Bourgeois appealed the

No. 19-60337

ALJ's findings to the Benefits Review Board ("Board"), arguing that the ALJ erred in concluding that he did not suffer more severe shoulder and back injuries, including a labrum tear and lumbar facet arthrosis. The Board affirmed the ALJ's decision and denied Bourgeois's motion for reconsideration. For the following reasons, we deny the petition for review.

"We review a decision of the Board 'under the same standard as it reviews the decision of the ALJ: Whether the decision is supported by substantial evidence and is in accordance with the law.'" *Craven v. Director, OWCP*, 604 F.3d 902, 905 (5th Cir. 2010) (quoting *Empire United Stevedores v. Gatlin*, 936 F.2d 819, 822 (5th Cir. 1991)). "Substantial evidence is relevant evidence that is more than a scintilla but less than a preponderance." *Hill v. Director, OWCP*, 195 F.3d 790, 793 (5th Cir. 1999). In conducting this analysis, "we may not substitute our judgment of the facts for that of the ALJ or reweigh or reappraise the evidence." *Id.* We will affirm as long as the evidence provides "a substantial basis of fact from which the fact in issue can be reasonably inferred." *Diamond M. Drilling Co. v. Marshall*, 577 F.2d 1003, 1006 (5th Cir. 1978) (internal quotation marks and citation omitted).

Bourgeois first argues that the Board erred when it affirmed the ALJ's finding that he did not suffer a labral tear to his right shoulder as a result of the accident. Under section 920 of the LHWCA, a claimant is entitled to a presumption that an injury is causally related to his employment as long as he proves "(1) that he . . . suffered harm, and (2) that conditions existed at work, or an accident occurred at work, that could have caused, aggravated, or accelerated the condition." *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000). The employer may rebut that presumption by pointing to "substantial evidence" establishing the lack of a causal nexus. *Id.* (quoting 33 U.S.C. § 920). Here, the ALJ did not err in concluding that Dr. Sweeney, appellee's medical expert, "presented a more thorough and credible

opinion . . . than [Bourgeois's treating physician,] Dr. Johnston," thus rebutting the presumption of a causal nexus. Though a June 24, 2014 MRI suggested that Bourgeois suffered a small ventral tear immediately after the accident, Dr. Johnston testified that he treated Bourgeois for a superior tear three years later, in 2017. Based on these disparities, Dr. Sweeney opined that "the obvious conclusion is [that Dr. Johnston] found tears in structures that were not present . . . in 2014,"[1] and thus determined that the accident did not cause Bourgeois's labral tear.

Bourgeois argues that Dr. Sweeney was bound to accept Dr. Johnston's conclusion that Bourgeois suffered a single tear at the time of the accident, which progressed over time as a result of normal use. However, Dr. Johnston himself admitted that Bourgeois's labral tear could have been caused by an intervening injury, as opposed to the initial 2014 injury. Contrary to Bourgeois's position, the ALJ was not required to credit Dr. Johnston's testimony. *See Ceres Gulf, Inc. v. Director, OWCP*, 143 F. App'x 589, 593 (5th Cir. 2005) ("The ALJ [is] well within his province to reject [a treating physician's] testimony, especially [where] there [is] no other medical evidence presented to corroborate the doctor's position."). The ALJ properly considered the testimony and opinions of both experts and found Dr. Sweeney's explanation more credible. We may not disturb this determination, even if the ALJ could have plausibly drawn an alternate conclusion from the evidence. *New Thoughts Finishing Co. v. Chilton*, 118 F.3d 1028, 1030–31 (5th Cir. 1997)

---

[1] To the extent that Dr. Johnston testified later that the tear he observed in Bourgeois's shoulder was "a little bit anterior and a little bit posterior this testimony was inconsistent with his operative note, which did not describe a tear in the anterior region of Bourgeois's shoulder. Therefore, the ALJ did not err in concluding that Dr. Sweeney's opinion was more credible and "better supported by the objective medical evidence." *See, e.g., Turner v. Director, OWCP*, 334 F. App'x 693, 696 (5th Cir. 2009) ("As the fact finder, the ALJ is entitled to make credibility determinations and accept or reject any part of an expert's testimony." (citation omitted)).

No. 19-60337

("[W]e may not substitute our judgment for that of the ALJ, nor reweigh or reappraise he evidence, but may only determine whether evidence exists to support the ALJ's findings.").

Second, the Board did not err when it refused to consider Bourgeois's new argument, presented for the first time in his motion for reconsideration, that the 2017 shoulder surgery was intended to address an AC joint sprain. Though Bourgeois argues that this theory was supported by "significant testimonial and documentary evidence," he fails to point to any portion of the record that demonstrates that he asserted this claim before the ALJ. *See Johnston v. Hayward Baker*, 48 Ben. Rev. Bd. Serv. 59 (2014). By failing to brief the issue, Bourgeois also waived any objections to the ALJ's conclusions that his AC joint sprain was resolved by November 2014. Furthermore, to the extent that Bourgeois believed that the ALJ made a mistake in fact, he failed to file a motion for modification, as instructed by the Board in its order on the motion for reconsideration. *See* 33 U.S.C. § 922; 20 C.F.R. § 702.373.

Finally, the ALJ's finding that Bourgeois did not suffer from lumbar facet arthrosis was supported by substantial evidence. Though the low-resolution June 2, 2014 MRI suggests that Bourgeois might have sustained facet arthrosis, the higher resolution June 24, 2014 MRI presents no evidence of the condition. Moreover, as the factfinder, the ALJ was "exclusively entitled to assess both the weight of the evidence and the credibility of the witnesses." *Ceres Gulf, Inc.*, 683 F.3d at 228. There was substantial evidence to support the ALJ's determination that Bourgeois's statements about his pain were not credible, especially given Dr. Sweeney's physical examination of Bourgeois and his determination that Bourgeois exhibited no objective lumbar problems.

Thus, because substantial evidence supports the ALJ's determination, we deny the petition for review. *Bia Salamis, Inc. v. Director, OWCP*, 819 F.3d 116, 131 (5th Cir. 2016) (internal quotation marks and citation omitted).