**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-60769
(Summary Calendar)
_____

LOUIS DREYFUS CORPORATION; NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA,

Petitioners,

versus

DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondent.

On Petition for Review of a Final Order
from the Benefits Review Board,
United States Department of Labor
(95-2179)

September 12, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Louis Dreyfus Corporation ("Dreyfus") and National Union Fire

Insurance Company of Pittsburgh, Pa. ("National Union") sought

special fund relief under the Longshore and Harbor Workers'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Compensation Act after an employee with a pre-existing back problem was injured on the job. An administrative law judge ("ALJ") found that there was insufficient evidence to show that the employee's cumulative disability was made materially and substantially worse by his pre-existing injury; accordingly, the ALJ found that Dreyfus and National Union were not entitled to special fund relief. The Benefits Review Board affirmed the ALJ's ruling. Finding no error, we affirm the Board's decision.

Larry Millet injured his lower back while working for Dreyfus. The injury required surgery in 1991 and resulted in a permanent, ten-percent partial disability. Millet again injured his back in May 1992, while shoveling grain into Dreyfus's grain elevator. Millet's doctor diagnosed his injury as failed back syndrome, determined that his recovery reached its zenith on November 4, 1994, and concluded that Millet was left with a permanent, fifteen-percent partial disability.

Millet brought a claim against Dreyfus and its insurance carrier, National Union, for recovery of compensation benefits and medical expenses under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq*. Dreyfus and National Union denied liability for the compensation benefits and medical expenses, but asserted that, if they were found liable, they were entitled to special fund relief under 33 U.S.C. § 908(f).

After a formal hearing, the ALJ found that Millet was

permanently, partially disabled and awarded compensation benefits to Millet for temporary, total disability from May 1992, through November 1994, and for permanent, partial disability commencing November 1994. The ALJ also found that Dreyfus and National Union were not entitled to special fund relief because they failed to establish that Millet's pre-existing back condition materially and substantially contributed to the disability arising from his 1992 injury. Dreyfus and National Union appealed to the United States Department of Labor's Benefits Review Board ("BRB" or "Board"), which subsequently affirmed the decision of the ALJ. Dreyfus and National Union timely appealed to this court asserting that the ALJ and the Board erred in not finding substantial evidence in the record that Millet's disability met the necessary requirements for special fund relief.

When reviewing orders of the BRB, our role is limited to considering errors of law and ensuring that the Board reviewed the ALJ's findings of fact for substantial evidence. *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1003 (5th Cir. 1995).

Substantial evidence in this context is more than a mere scintilla. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S. Ct. 456, 459, 95 L. Ed. 456 (1951). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. In our review, we may not substitute our judgment for that of the ALJ, nor may we reweigh or reappraise the

evidence. *Boland Marine*, 41 F.3d at 1003. However, we must independently review the record to determine whether there was substantial evidence supporting the ALJ's factual findings. *Avondale Shipyards, Inc. v. Vinson*, 623 F.2d 1117, 1119 n.1 (5th Cir. 1980).

The LHWCA is a federal workers' compensation statute that establishes disability benefits for maritime workers injured on the job. *Ceres Marine Terminal v. Director, OWCP*, No. 96-60716, 1997 WL 398728, at *1 (5th Cir. July 31, 1997). Under general workers' compensation law, employers are liable for the full costs of a worker's disability, even if the disability is the result of both a pre-existing impairment and a current employment injury; this is known as the "aggravation rule." *See id.; Strachan Shipping Co. v. Nash*, 782 F.2d 513, 517 (5th Cir. 1986) (*en banc*).

Because the aggravation rule threatens employers with greater liability for injuries to employees with pre-existing medical conditions, Congress passed section 908(f) of the LHWCA. Section 908(f) limits the amount of workers' compensation for which an employer is responsible. The section provides that, where an employee had an "existing permanent partial disability" that contributed to the current injury, the employer is only responsible for the first 104 weeks of the injured employee's compensation. 33 U.S.C. § 908(f). After that 104 weeks, the employee is paid from a "second injury fund" or "special fund," financed by members of

the industries covered by the LHWCA.  33 U.S.C. § 944.

To be entitled to special fund relief under § 908(f) in cases such as this one, in which the employee is permanently, partially disabled, the employer must establish that the employee seeking compensation had: (1) an "existing permanent partial disability" before the employment injury; (2) that the permanent, partial disability was "manifest" to the employer; (3) that the current disability is not due solely to the employment injury; and (4) that the current permanent, partial disability "is materially and substantially greater than that which would have resulted from the subsequent injury alone."[1]  *Two R Drilling Co. v. Director, OWCP*, 894 F.2d 748, 750 (5th Cir. 1990); 33 U.S.C. § 908(f)(1).  These requirements assure that employers receive special fund relief only where the employer would be responsible for the marginal increase in liability caused by the claimant's pre-existing condition.  *Id.*

It is uncontested that Dreyfus has met its burden of proving the first two requirements of the test for special fund relief.  In

---

[1]    The ALJ, in reliance on a Ninth Circuit opinion, invoked a three-part test that eliminated the third requirement and rephrased the fourth requirement to read "such pre-existing disability, in combination with the subsequent work injury, contributes to a greater degree of permanent disability than that which would result from the second injury alone."  *See Director, OWCP v. Campbell Indus., Inc.*, 678 F.2d 836, 839-40 (9th Cir. 1982), *cert. denied*, 459 U.S. 1104, 103 S. Ct. 726, 74 L. Ed. 2d 951 (1983), *overruled on other grounds by Director, OWCP v. Cargill, Inc.*, 709 F.2d 616, 619 (9th Cir. 1983) (*en banc*).  We apply the four-part standard of the Fifth Circuit, established in *Two R Drilling Co. v. Director, OWCP*, 894 F.2d 748, 750 (5th Cir. 1990).

addition, although the ALJ did not articulate the third requirement, the Board noted that the deposition testimony provided by Dreyfus's physicians supports a finding that Millet's present condition is related to a combination of his two back injuries. The only issue on appeal, therefore, is whether Dreyfus proved that Millet's cumulative disability was "materially and substantially greater" as a result of his pre-existing disability. The employer bears the burden of persuading the factfinder that the disability was exacerbated by the pre-existing condition. *See Director, OWCP v. Cargill, Inc.*, 709 F.2d 616, 619 (9th Cir. 1983) (*en banc*); *Director, OWCP v. Newport Shipbuilding and Dry Dock Co.*, 676 F.2d 110, 115 (4th Cir. 1982).

Dreyfus and National Union contend that sufficient evidence exists in the record for the court to conclude that the cumulative disability was materially and substantially greater due to Millet's pre-existing disability. In support of their position, they point to deposition testimony from a neurosurgeon, a neurologist, and an orthopedic surgeon. Upon examination of the record, however, we find that the physicians' testimony shows only that Millet's disability is "basically related to both" injuries. There is no testimony that his disability is materially or substantially greater as a result of his first injury than it would have been had he sustained the second injury alone.

To the contrary, the neurologist testified that Millet's

ruptured disk could have occurred as a result of the second injury alone. In addition, the neurosurgeon testified that Millet's injuries had not changed much from before the second injury to after the second injury and that there had been no demonstrable detrimental changes during that time. Based on the testimony provided, it is possible that had Millet never injured his back in the 1991 accident, the 1992 accident would still have resulted in a disability of equal magnitude to that which he actually incurred. Dreyfus has, therefore, failed to carry its burden of proving the fourth requirement for special fund relief.

Dreyfus and National Union also argue that, because the record shows that Millet had a ten-percent permanent, partial disability prior to the 1992 accident and a physician testified that Millet had a fifteen-percent permanent, partial disability after the 1992 accident, there should be no question that his ultimate disability is materially and substantially greater than that which would have resulted from the second injury alone. The Fifth Circuit has rejected the "common sense test," which presumes that when a claimant with a history of back problems suffers a work-related injury to his back, the current disability is not due solely to the employment injury. *Two R Drilling*, 894 F.2d at 750. This "common sense" argument reads the third element of proof, that the current disability not be due solely to the subsequent injury, out of the test altogether. *Id.; see also John T. Clark & Son of Md., Inc. v.*

*Benefits Review Bd.*, 621 F.2d 93, 95 n.2 (4th Cir. 1980) ("Where a subsequent injury and its effects are alone sufficient to cause permanent total disability the mere presence of a pre-existing disability will not warrant contribution from the special fund."). There is simply no testimony in the record that the second injury alone could not have caused the fifteen-percent disability. Dreyfus's argument that the exacerbating effects of the pre-existing disability are intuitive is unavailing.[2]

Dreyfus and National Union also contend that, because the Director did not offer any evidence in opposition to their request for special fund relief at the formal hearing, the facts are uncontroverted and they are entitled to relief. This argument also misses the mark. As noted above, it has long been held that the employer bears the burden of persuading the factfinder that the disability was exacerbated by the pre-existing condition. *See Cargill*, 709 F.2d at 619; *Newport Shipbuilding*, 676 F.2d at 115. Placing the burden on the employer is the only practical way to

---

[2]   As the ALJ noted, it appears that Dreyfus has articulated the wrong standard for special fund relief. Dreyfus argues that the second injury made the first injury materially and substantially worse, rather than arguing that the cumulative disability is worse as a result of the pre-existing disability. When deposing the three physicians, Dreyfus asked whether Millet's disability is greater as a result of both injuries combined than it would have been had the claimant not sustained the second injury. The responses provided by the physicians do not adequately fulfill the precise requirement that the cumulative disability be materially and substantially greater as a result of the pre-existing injury, a fact that, if substantiated, would satisfy Dreyfus's remaining requirement for special fund relief.

avoid unjust depletion of the second injury fund. Only the Director has any real interest in protecting the fund against unjustified claims, and the Director is rarely a party to the original hearing before the ALJ. *Newport Shipbuilding,* 676 F.2d at 115. The employer, of course, will seek payments from the fund, and the employee involved is interested only in being paid, not in the source of payments. *Id.* at 114. The only practical way to protect against unjustified payments is to place the burden on the employer to show that the total disability arose in part from the pre-existing condition; Dreyfus failed to meet this burden.

If Millet's 1992 injury would have resulted in the same degree of compensable disability, regardless of whether he had sustained a pre-existing disability, then Dreyfus is not entitled to special fund relief, because it incurred no additional compensation liability by hiring and retaining a partially disabled employee.

Based on the testimony provided, the ALJ properly found that he could not ascertain whether the cumulative disability was materially and substantially worse as a result of the pre-existing disability, and that therefore Dreyfus and National Union are not entitled to special fund relief. In addition, we find that the Board properly reviewed the ALJ's decision.

AFFIRMED.