WIDENER, Circuit Judge,
concurring:
I.
While the differences between the earlier permanent partial disability and the subsequent work-related disability are so marked in the Ward case that I think the Harcum-Carmines rule should have no precedential application in that case, the facts in the case at hand are so similar to Carmines in the measurement of disability by the AMA tables, as required by statute, 33 U.S.C. § 904(c)(23), that they require the result the majority obtains as a matter of circuit precedent, and for that reason alone, I concur in the result. I respectfully disassociate myself from the opinion of the majority with respect to company doctors.
II.
Whether we agree with Coke, that reason is the life of the law, or with Holmes, that the life of the law is experience, the Harcum-Carmines rule, in my opinion, follows neither. The statute 33 U.S.C. § 908(f) requires both a pre-existing “permanent partial disability” to which must be added a “subsequent injury” which is work-related, or else the statute has no application. Carmines requires a quantification of the subsequent injury without reference to the earlier injury, a condition which never existed. So we are requiring physicians to answer a purely hypothetical question based on facts which never existed. Carmines forbids a physician from giving an opinion as to the difference between two known quantities, the earlier and subsequent disabilities, but requires a physician to express an opinion as to differences between a known quantity, the subsequent disability, and an unknown earlier disability. In my opinion, this is a not tenable, as Judge Smith points out in his administrative concurrence.
III.
Left to my own devices, I would decide the case on the reasoning in the concur *461 ring administrative opinion in this case of Judge Smith, an administrative appeals judge, which I earnestly commend to the court and copy in full below:
SMITH, Administrative Appeals Judge,
concurring:
I concur in the result reached by my colleagues. I write separately to express my uncertainty as to how an employer can satisfy the contribution requirement in a Section 8(c)(23) case in a manner which meets the expectations of the Fourth Circuit. In a case where the award is based solely on the percentage of permanent impairment, it places a great burden on a doctor to examine a claimant and rate, with certainty, his loss due to his work-related injury without regard to his condition as a whole, which includes his pre-existing condition, and without reliance on percentages.
In this case, the Board stated that calculation of the percent of impairment caused by the pre-existing disability merely requires the computation of 15 percent of the 15 percent overall rating (15 percent of 15 percent equals 2.25 percent). This resulted in claimant’s pre-existing disability being at least a 2.25 percent impairment. Subtracting 2.25 percent from the overall 15 percent impairment results in an impairment rating for the asbestosis alone of 12.75 percent. Therefore, the Board concluded that the administrative law judge had enough information to make the comparison between claimant’s disability with and without the pre-existing disability (15 percent versus 12.75 percent). Pounders, slip op. at 3. Since claimant’s entitlement is governed by Section 8(e)(23), his compensation award is based on his percentage of impairment alone.[1] Under Section 8(c)(23), quantifying the percentages is equivalent to quantifying the disability, and the record contains evidence of claimant’s percentages of impairment both before and after his work-related injury. The Board thus reasoned that the record contained sufficient information to permit a comparison between claimant’s ultimate degree of disability and the degree of disability he would sustain without the preexisting disability.
As the majority opinion points out, the Fourth Circuit disapproved this method of determining whether the claimant’s disability is due solely to the work injury and whether the pre-existing disability materially and substantially worsened the ultimate disability. Director, OWCP v. Newport News Shipbuilding & Dry Dock Co. [Carmines], 138 F.3d 134, 32 BRBS 48(CRT) (4th Cir.1998). Although the Fourth Circuit stated in Carmines that the seriousness of a preexisting condition could be irrelevant to a claimant’s overall disability, as the work-related injury alone could give rise to the compensable disability, the exam- *462 pies it used to explain this conclusion were dissimilar to the case before it, and they are dissimilar to the instant case as well. For instance, the Carmines court stated that if an employee with a paralyzed leg were to have the leg amputated due to a work-related injury, the employee would be no worse off than he was before, that is, he would have a paralyzed leg-stump instead of a paralyzed leg. In either case, he would not have use of the leg. Thus, Section 8(f) relief would not be available to the employer because it could not establish that the pre-existing paralysis made the ultimate disability “materially and substantially greater.” Carmines, 138 F.3d at 139, 32 BRBS at 51(CRT). Further, the court addressed Director, OWCP v. Luccitelli, 964 F.2d 1303, 26 BRBS 1(CRT) (2d Cir.1992), wherein the claimant had a pre-existing disability to his right knee and suffered a work-related injury to his left knee. Carmines, 138 F.3d at 139, 143, 32 BRBS at 51, 55(CRT). The Fourth Circuit noted that the Luccitelli court stated that the existence of the pre-existing condition alone was insufficient to entitle employer to Section 8(f) relief as claimant’s work-related injury was itself totally disabling.
Neither Carmines nor the instant case, however, involves injuries resulting in economic disability or weighing the relative contributions of injuries to different body parts to the whole disability.[2] Rather, they involve the relative contributions of two lung conditions where the ultimate disability is compensated pursuant to Section 8(c)(23) based on physical impairment alone.[3] In this instance, quantification of the impairment is the sole measure of disability. 33 U.S.C. §§ 902(10), 908(c)(23); see n. 2, supra. If, using the percentages from Carmines, a credible physician states that claimant’s compensable respiratory impairment is 28 percent, and breaks this down further by stating that 18 percentage points of this impairment is due to the pre-existing condition and 10 percentage points is due to the work injury, the administrative law judge should be entitled to conclude that the disability, here a respiratory condition compensa-ble based solely on a percentage of respiratory impairment, is not due solely to the work injury.[4] The “degree of disability” due to the work-related injury alone, as required by the Carmines court, is readily apparent from the percentages. The court’s statement that, under the facts of that case, or the instant case, the claimant could be just as “disabled,” that is, impaired within the meaning of the American Medical Association Guides to the Evaluation of Permanent Impairment, see 33 U.S.C. § 902(10), with or without the preexisting disability, is not tenable.[5]
*463 ROY P. SMITH Administrative Appeals Judge

. Section 8(c)(23) is an exception to the rule that disability under the Act rests on an economic foundation. Section 2(10) of the Act states:
"Disability” means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment; but such term shall mean permanent impairment, determined (to the extent covered thereby) under the guides to the evaluation of permanent impairment promulgated and modified from time to time by the American Medical Association, in the case of an individual whose claim is described in section 910(d)(2) of this title.
33 U.S.C. § 902(10) (emphasis added): Section 10(d)(2) provides an average weekly wage for employees retired on the date of awareness in occupational disease cases, and Section 8(c)(23), 33 U.S.C. § 908(c)(23), provides that benefits for such individuals are computed using the percentage of permanent impairment.

. Moreover, in Luccitelli, the claimant had a permanent total disability and the question of whether his ultimate disability was made "materially and substantially greater” by his pre-existing condition did not arise. 33 U.S.C. § 908(f)(1); Luccitelli, 964 F.2d at 1303, 26 BRBS at 1(CRT).

. But see Louis Dreyfus Corp. v. Director, OWCP, 125 F.3d 884, 31 BRBS 141(CRT) (5th Cir.1997) (previous rating insufficient by itself to show contribution where evidence established that ultimate disability may not have been made "materially and substantially greater” by the pre-existing condition),

. The administrative law judge, of course, also would have to determine if the ultimate disability is materially and substantially greater because of the pre-existing disability.

. This is especially true because in order to be entitled to Section 8(f) relief in a case where the claimant is compensated pursuant to Section 8(c)(23) for a respiratory impairment, the pre-existing disability must be a condition *463 that compromises respiratoiy function. Director, OWCP, v. Bath Iron Works Corp., 129 F.3d 45, 31 BRBS 155(CRT) (1st Cir.1997); Adams v. Newport News Shipbuilding & Dry Dock Co., 22 BRBS 78 (1989).