**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-60771
(Summary Calendar)

CERES GULF, INC.

Petitioner,

versus

DIRECTOR,
OFFICE WORKER'S COMPENSATION PROGRAM,
U.S. DEPARTMENT OF LABOR

Respondent.

Appeal from the United States Department of Labor
Benefits Review Board
BRB No. 03-0745

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

After sustaining an injury to his shoulder during the course of his employment as a

longshoreman for Ceres Gulf, Inc. ("Ceres"), Lawrence Keys filed a claim for workers' compensation

benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "the Act"),

as amended, 33 U.S.C. § 901 et seq. Ceres now appeals from the decision of the United States

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Department of Labor Benefits Review Board ("the Board") affirming the decision of an administrative law judge ("ALJ"). The ALJ awarded benefits in favor of Keys after finding Ceres liable under the "aggravation rule" of general workers' compensation law, and denied Ceres' claim for relief pursuant to § 908(f) of the LHWCA. The sole issue on appeal is whether the Board erred in upholding the ALJ's decision denying Ceres' application for § 908(f) relief. For the reasons stated below, the order of the Board is AFFIRMED.

## BACKGROUND

Keys began working for Ceres sometime in 1968. In December of 1998, he injured his left shoulder after being struck by a medal latching rod ("the accident"). He filed a claim for compensation under the Act in July of 2000. Ceres controverted his claim, but voluntarily paid Keys temporary total disability and permanent partial disability benefits, and then applied for relief pursuant to § 908(f).

Following a hearing on Keys' claim, the ALJ awarded Keys the compensation previously paid by Ceres: temporary total disability from January 11, 1999 to January 31, 1999, and August 17, 1999 to June 5, 2000, and permanent partial disability benefits from June 6, 2000 to January 23, 2003. The ALJ additionally awarded Keys continuing permanent partial disability benefits from January 24, 2003, as is prescribed under 33 U.S.C. § 908(c)(21). The ALJ also denied Ceres' request for § 908(f) relief. Although finding that Ceres had established that Keys had pre-existing injuries that were "manifest" to Ceres, the ALJ concluded that Ceres failed to prove that Keys' pre-existing conditions made his present disability "materially and substantially greater than it would have been had he suffered his shoulder injury alone. The ALJ also rejected Ceres' claim for § 908(f) relief.

2

Ceres appealed the ALJ's decision to the Board, contesting the ALJ's benefits award to Keys and the denial of its request for § 908(f) relief. Ceres' appeal specifically challenged the ALJ's findings as to Keys' post-injury wage-earning capacity, the date that Keys reached maximum medical improvement, and the denial of Ceres' application for § 908(f) relief. While the appeal was pending, Keys and Ceres entered into a settlement agreement as to all of Keys' claims. The agreement obligated Ceres to compensate Keys for all the injuries alleged to have occurred as a result of the accident. The agreement specifically reserved Ceres' right to pursue its § 908(f) claim on appeal. The settlement agreement was presented to the Office of the District Director for approval and for issuance of a compensation order, as is required under § 908(i) of the Act. Because the matter was still pending before the Board, the District Director ruled that it could not consider the settlement agreement until the Board remanded the case to it. Ceres therefore filed a motion for partial remand of the case to the District Director for consideration of the settlement agreement, including its right to pursue its § 908(f) claim. The Board remanded the matter in its entirety to the Director for consideration of the § 908(i) application. The Board additionally ruled that once the Director ruled on the § 908(i) application, Ceres could pursue its § 908(f) claim on appeal.

After the case was remanded, the Director approved the parties' § 908(i) application, and Ceres perfected its appeal to the Board. The judge ordered Ceres to brief whether provisions under § 908(i) acted to preclude its § 908(f) claim, particularly with respect to § 908(i)(4) of the Act.[1]

---

[1] § 908(i)(4) states in pertinent part that,

[t]he special fund shall not be liable for reimbursement of any sums paid or payable to an employee or any beneficiary under such settlement, or otherwise voluntarily paid prior to such settlement by the employer or carrier, or both.

3

Because neither Ceres, nor the Director, received notice of the Board's reinstatement of the appeal until July 7, 2004, Ceres filed a motion and supporting memorandum to reset the deadline so that it could timely submit its brief. Despite Ceres' motion, the Board declined to rule on it, and instead issued an order affirming the ALJ's decision denying Ceres' application for § 908(f) relief. This appeal by Ceres ensued, and solely seeks review of the Board's decision as to the denial of Ceres' application for § 908(f) relief.

**STANDARD OF REVIEW**

We review the Board's determinations of law <u>de novo</u>, applying the same standard the Board used to review the decision of the ALJ. <u>New Thoughts Finishing Co. v. Chilton</u>, 118 F.3d 1028, 1030 (5th Cir. 1997). The Board's determination of whether § 908(f) relief was properly denied or granted is question of law. <u>Ceres Marine Terminal v. Hinton</u>, 243 F.3d 222, 224 (5th Cir. 2001). The ALJ's findings of fact must be supported by substantial evidence. 33 U.S.C. § 921(b)(3); <u>O'Keefe v. Smith, Hinchman & Grylls Ass., Inc.</u>, 380 U.S. 359, 361-62 (1965); <u>Hinton</u>, 243 F.3d at 224; <u>Ceres Marine Terminal v. Director, OWCP</u>, 118 F.3d 387 (5th Cir. 1997) (stating that "the LHWCA requires the [Board] to accept the findings of the ALJ 'unless they are not supported by substantial evidence in the record considered as a whole or unless they are irrational'") (quoting 33 U.S.C. § 921(b)(3)); <u>Equitable Equipment Co., Inc. v. Hardy</u>, 558 F.2d 1192, 1196 (5th Cir. 1977) (stating that "[t]he standard by which we review administrative decisions under this Act is to reverse only if there is an error of law or when a finding of fact is unsupported by substantial evidence on the record considered as a whole").

4

**APPLICABLE LAW**

The Supreme Court has long since stated that one of the major purposes of § 908(f) of the Act is "the prevention of employer discrimination against handicapped workers." Lawson v. Suwannee Fruit & S.S. Co., 336 U.S. 198, 201 (1949); see also Hinton, 243 F.3d at 225-26. Section 908(f) acts to counter an employer's fear of increased liability by redirecting the costs of employee compensation to the fund if certain conditions are met. The statute provides in pertinent part that,

> [i]n . . . cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide . . . compensation for 104 weeks only.

33 U.S.C. § 908(f). After that 104 week period, the employee is compensated from the fund.

Notwithstanding Congress' intent under § 908(f), the Act still operates as a traditional workers' compensation scheme employing the aggravation rule. Ceres Marine Terminal, 118 F.3d at 387 (stating that [u]nder the traditional 'aggravation rule' of workers' compensation law, an employer is liable for a worker's entire disability even though the disability was the result of both the current employment injury and a pre-existing impairment"). "Under the Act's aggravation rule, if an employment injury aggravates, accelerates, exacerbates, contributes to, or combines with, a previous infirmity, disease or underlying condition, the employer is liable for compensation for, not just the disability resulting from the [current] employment injury, but the employee's total resulting disability." Hinton, 243 F.3d at 226; Ceres Marine Terminal, 118 F.3d at 387. This rule parallels the old common law principle that a "tortfeasor takes his victim as he finds him." Director, OWCP v. Ingalls Shipbuilding, Inc.,125 F.3d 303, 306 (5th Cir. 1997). As we have stated, however, § 908(f) acts to mitigate an employer's liability in cases where an employee suffers a permanent total disability, if the

5

employer meets the requisite statutory requirements: the employer must establish that the employee (1) has a pre-existing permanent partial disability; (2) the pre-existing disability was manifest to the employer; and (3) the second disability, i.e., the one that resulted from a new or second work-related injury, did not result solely from the second injury, but was a result of both the second injury and the employee's existing or current permanent partial disability. Two "R" Drilling Co., Inc. v. Director, OWCP, 894 F.2d 748, 750 (5th Cir. 1990); see also Hinton, 243 F.3d at 226 (instructing that "[w]here certain conditions are met, § 908(f) limits an employer's compensation liability, with any additional compensation being paid from the special fund established by § 44 of the Act"). To meet the requirements for special fund relief where an employee has suffered a permanent partial disability, the employer "must make not only the three showings listed above, but must also show that the current permanent partial disability 'is materially and substantially greater than that which would have resulted from the subsequent injury alone.'" Two "R" Drilling Co., Inc., 894 F.2d at 750 (quoting 33 U.S.C. § 908(f)(1)); see also Louis Dreyfus Corp. v. Director, OWCP, 125 F.3d 884, 887 (5th Cir. 1997). In satisfying this fourth prong, "the employer must offer some proof of the extent of the permanent partial disability had the pre-existing injury never existed." Ingalls Shipbuilding, Inc.,125 F.3d at 308.

## DISCUSSION

### A. Section 908(f) relief

Ceres' sole contention on appeal is that the ALJ erred in finding that it did not satisfy the requisite elements necessary for § 908(f) relief. Ceres argues that the evidence establishes that Keys' pre-existing injuries rendered him substantially and materially more disabled than he would have been had he suffered the shoulder injury alone. Ceres' argument is predicated on its presumption that the

6

ALJ erred in not crediting the testimony of Keys' treating physician, Dr. Monroe Laborde, opining that Keys' prior injuries made him more disabled than he would have been had he suffered the shoulder injury alone. Ceres' states that its ultimate goal is to obtain relief from the fund for the period following the first 104 weeks of the accident. The question before us is whether the ALJ's findings that Ceres did not meet its burden of establishing the requisite elements for § 908(f) relief are supported by substantial evidence on this record. Because we answer this question in the affirmative, Ceres' claim as to this issue is without merit.

Ceres had the burden of establishing four elements to make the requisite showing needed to obtain § 908(f) relief. See Louis Dreyfus Corp., 125 F.3d at 887 (observing that "the employer bears the burden of persuading the factfinder that the disability was exacerbated by the pre-existing condition"). The ALJ concluded that Ceres failed to meet its burden because it did not establish the last two elements of the test, i.e., that Keys' current disability was not due solely to his current employment injury; and that Keys' current permanent partial disability, i.e., his shoulder injury, was made materially and substantially greater than what it would have been had he suffered the current injury alone. We have carefully reviewed the record and conclude that there is substantial evidence to support the ALJ's finding.

Despite the testimony of Dr. Laborde, the ALJ heard testimony that Keys had fully recovered from his ankle injury by the time he returned to worked for Ceres in 1982. In other words, the judge heard evidence that Keys was no longer partially disabled. The record reveals evidence that Keys was required to pass a physical examination before returning full-time to his position as a Longshoreman. Additionally, we find no evidence, aside from Laborde's testimony, that Keys' prior injuries in any way contributed to his current injury. See Ingalls Shipbuilding, Inc.,125 F.3d at 306 (finding that the

7

ALJ did not err in determining that the employer failed to prove the "materially and substantially greater" element of the test because the employer merely relied on testimony). We recognize that in its brief Ceres also relies on the testimony of Nancy Favaloro, Keys' vocational counsel, for its contention that Keys' pre-existing injuries contributed to his current disability. However, our review of Favaloro's testimony finds that her statements were ambivalent about the question of whether Keys' pre-existing injuries had contributed to his current disability. Thus, Ceres essentially requests that this court accept the opinion of Laborde, Keys' treating physician, even though the ALJ expressly rejected it. See Ingalls Shipbuilding, 125 F.3d at 307 (observing that where there was conflicting testimony, the ALJ was entitled to give more weight to some testimony and less weight to other testimony). We have said before that "this court does not have the expertise necessary to properly evaluate the complex and frequently conflicting testimony of neurological surgeons, orthopedist, and other medical experts on this score. Instead, we must leave this particular fact finding decision precisely where Congress placed it– with the ALJ." Ceres Marine Terminal, 118 F.3d at 391. The ALJ was well within his province to reject Laborde's testimony, especially since there was no other medical evidence presented to corroborate the doctor's position. Our sole task in the context of this review is to determine whether, on the record as a whole, the ALJ's findings are supported by substantial evidence. We will not reweigh or reappraise that evidence. See Louis Dreyfus Corp., 125 F.3d at 886. The ALJ suggested that he found no relationship between Keys' prior injuries and the injury to his shoulder, and thus, no evidence that Keys' shoulder injury aggravated or exacerbated any of Keys' pre-existing permanent partial impairments. The ALJ stated that,

> [Keys] was able to engage in heavy or very heavy work prior to his December 4, 1998 workplace accident. While Dr. Liccciardi opined on February 8, 1973, that [Keys] should avoid carrying heavy loads, walking on beams, or climbing heights because of

8

[his] weak ankle, over time [Keys] was able to return to work at full duty <u>without any restrictions</u>, as Dr. Liccciardi had predicted. . . . Only as a result of his December 4, 1998 workplace accident was [Keys] restricted to medium level work and unable to resume his former job. Indeed, a review of the medical reports reveals a dearth of complaints to [Keys'] physicians concerning his leg, back, or eye. While Dr. Laborde and Ms. Favaloro testified that [Keys'] current condition was materially and substantially worse because of his pre-existing impairments, [Keys] did not suffer a permanent disability as a result of his pre-existing injuries, and but for [Keys'] December 4, 1998 workplace injury, . . . [Keys] would have been able to continue his longshore employment (emphasis supplied). . . .

The ALJ's findings on this record are not irrational. Because we find that there is more than a scintilla of evidence for a reasonable person to conclude that Ceres failed to meet its burden of establishing the requisite elements required for § 908(f) relief, we cannot conclude that the Board erred in affirming the decision of the ALJ.

## CONCLUSION

For the foregoing reasons, the final order and judgment of the Board affirming the decision of the ALJ denying Ceres' application for § 908(f) relief is affirmed.

AFFIRMED.

9