United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 06-60096

———————————————

GUNNAR PETERSON SEAQUIST,

Petitioner,

versus

MARION C BLAKEY, ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION,

Respondent.

———————————————————————————

Appeal from the National Transportation Safety Board
(NTSB EA-5194)

———————————————————————————

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gunnar Seaquist was denied third-class airman medical certification by the Federal Aviation Administration ("FAA") based on his history of alcohol dependence. After Seaquist's appeal to the Administrative Law Judge ("ALJ"), who granted the certification, the FAA Administrator appealed to the National Transportation Safety Board ("NTSB"), and the NTSB reinstated the decision of the FAA denying the certification. Seaquist petitioned this court, and we deny his petition for review.

**I. FACTS AND PROCEEDINGS**

—————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Gunnar Seaquist had been taking flying lessons in order to earn a private pilot certificate. He applied for a third-class airman medical certificate, a necessary prerequisite to obtaining a private pilot certificate. In August 2004, the federal air surgeon denied Seaquist the medical certification due to Seaquist's history of alcohol dependence. Seaquist has a history of three incidents of driving while intoxicated ("DWI"). His first DWI occurred in 1997 in Texas at the age of seventeen. Seaquist attended college in Florida where in 2000, at the age of 20, he was again convicted for driving under the influence of alcohol.[1] According to the police report, Seaquist's driving at this incident nearly caused a collision with other vehicles. In 2002, again in Florida, Seaquist was issued a citation for driving with an unlawful blood alcohol level (.08 or above),[2] and his license was temporarily suspended.

Seaquist petitioned the NTSB ALJ for review of the federal air surgeon's determination. A hearing was held to evaluate whether Seaquist was substance dependent. Seaquist testified that presently, when he drinks, he consumes only a small amount of alcohol, usually one drink, possibly two. He also testified that his lifestyle has changed since high school and college; he is currently engaged and attends law school. Dr. Ned Beiser, D.O., an airman medical examiner, testified on Seaquist's behalf. He stated that Seaquist "probably is not" dependent on alcohol and that the FAA would place him in a "misuse of alcohol" category. He explained that he understood the DWIs to follow celebratory events like parties and that Seaquist appeared to have matured in his attitude towards alcohol consumption. When asked on direct examination whether Seaquist was substance

[1]Technically, in Florida, this offense is called driving under the influence, DUI, as opposed to the title in Texas, DWI. For consistency, the Texas convention is used.

[2]It appears that Seaquist initially received a DWI for this incident, but, after it was dismissed on a jurisdictional technicality, the DWI was reduced to a citation.

dependent, Dr. Beiser replied that it was "hard for [him] to say at this time with this information" because Seaquist still drinks periodically. On cross-examination, Dr. Beiser admitted that it was possible that Seaquist was substance dependent. He also admitted that the FAA acted "within the bounds of reason" in concluding that Seaquist was alcohol dependent based on the three DWIs.

Dr. Charles Chesanow, D.O., an FAA psychiatrist with a specialty in addiction medicine, testified on behalf of the FAA Administrator. He stated that Seaquist's record evidenced areas of impairment consistent with substance dependence. He explained that a single DWI conviction, while a clinical red flag, is not necessarily indicative of alcohol dependence. According to Dr. Chesanow, more significant is how an individual responds to the DWI: a non-dependent individual will adjust his behavior to avoid adverse consequences, while a dependent individual will exhibit a pattern of alcohol-related incidents. Dr. Chesanow concluded that Seaquist's subsequent DWIs represented an unwillingness to conform to societal expectations not to endanger others with alcohol usage.

In March 2005, the ALJ ruled that Seaquist had proven that he was not substance dependent. The FAA Administrator appealed the ruling. In September 2005, the NTSB reversed the ALJ's decision and reinstated the original decision of the federal air surgeon. The NTSB determined that Seaquist's medical file justified a finding of a history of alcohol dependence. Subsequently, Seaquist petitioned for reconsideration, and the NTSB denied the request. Seaquist petitions for review with this court, challenging whether the NTSB was appropriately deferential to the ALJ and whether substantial evidence supported the NTSB's decision.

## II. STANDARD OF REVIEW

Under the Administrative Procedure Act ("APA"), we review an agency decision to determine if it was arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A); *see also City of*

3

*Abilene v. U.S. EPA*, 325 F.3d 657, 664 (5th Cir. 2003). This standard is deferential and only requires that the agency articulate a rational relationship between the facts found and the choice made. *City of Abilene*, 325 F.3d at 664. Findings of facts by the NTSB are upheld if supported by substantial evidence. 49 U.S.C. § 1153(b)(3); *see also Blackwell v. Bond*, 619 F.2d 372, 373 (5th Cir. 1980). Substantial evidence "means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Louis Dreyfus Corp. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 125 F.3d 884, 886 (5th Cir. 1997) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951)). This court must look at the totality of the evidence, including that which may detract from the agency's conclusion. *NLRB v. E-Systems, Inc.*, 103 F.3d 435, 439 (5th Cir. 1997).

### III. DISCUSSION

As an initial matter, Seaquist contests the proper standard of review applicable to the NTSB's review of the ALJ's decision. He claims that the NTSB was not adequately deferential to the ALJ. On this point, we find no error. The APA grants the NTSB plenary review over the ALJ's decision. 5 U.S.C. § 557(b) ("[O]n appeal from or review of the initial decision, the agency has all the powers which it would have in making the initial decision . . . ."); *see also Singer v. Garvey*, 208 F.3d 555, 558 (6th Cir. 2000) (applying this standard when the NTSB overturned the ALJ's decision); *Janka v. Dep't of Transp.*, 925 F.2d 1147, 1149 (9th Cir. 1991) (same). The federal regulations provide that the NTSB will review factual findings to determine if they are "supported by a preponderance of reliable, probative, and substantial evidence." 49 C.F.R. § 821.49(a)(1). The NTSB was clear in its decision that, in its review, Seaquist did not meet his burden of proving he has no history of

4

substance dependence. Although the NTSB did not specifically state that the ALJ's decision was unsupported by a preponderance of reliable evidence, this conclusion was implicit in its decision. The NTSB articulated its basis for overturning the decision and did not commit error in its review.

The federal regulation applicable to airman certification provides:

Mental standards for a third-class airman medical certificate are:
(a) No established medical history or clinical diagnosis of any of the following:
. . . .
(4) Substance dependence, except where there is established clinical evidence, satisfactory to the Federal Air Surgeon, of recovery, including sustained total abstinence from the substance(s) for not less than the preceding 2 years.

14 C.F.R. § 67.307(a)(4). The term "substance" includes alcohol. *Id.* § 67.307(a)(4)(i). The term "substance dependence" is further defined:

"Substance dependence" means a condition in which a person is dependent on a substance . . . as evidenced by—
(A) Increased tolerance;
(B) Manifestation of withdrawal symptoms;
(C) Impaired control of use; or
(D) Continued use despite damage to physical health or impairment of social, personal, or occupational functioning.

14 C.F.R. § 67.307(a)(4)(ii).

Seaquist advances two arguments. First, he argues that his history does not meet the four factor test of substance dependence under the regulations: he claims that he has not exhibited increased tolerance nor withdrawal symptoms and that he is not impaired in his ability to control his use nor has he continued use despite damage to social functioning. Second, relatedly, Seaquist maintains that, in total, the evidence shows an individual who has made a conscious decision to change his life.

The issue for this court is whether the NTSB's finding that Seaquist had a history of substance dependence was supported by substantial evidence. *See* 49 U.S.C. § 1153(b)(3). Substantial evidence is more than a mere scintilla; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Gallagher v. NTSB*, 953 F.2d 1214, 1219 (10th Cir. 1992). Under this standard, we hold that the NTSB's decision was supported by substantial evidence. Dr. Chesanow, a qualified expert in addiction medicine, testified that Seaquist has a history of alcohol dependence. He explained that the dependence was evidenced by the three DWIs, and more specifically, Seaquist's inability to modify his behavior after the first DWI. He characterized Seaquist's behavior as a pattern of continued use despite damage to social functioning, consistent with the description of substance dependence under subpart (D) of the regulations. Additionally, Dr. Beiser, testifying on behalf of Seaquist, while stating initially that he did not believe Seaquist to be substance dependent, conceded on cross examination that it was possible Seaquist was dependent. He also admitted that the federal air surgeon acted reasonably in finding that Seaquist had a history of dependence. Dr. Beiser's testimony was equivocal at best; as a result, Seaquist's reliance on this testimony to show that the NTSB's decision was not supported by substantial evidence is unavailing. Finally, Seaquist presented evidence that his lifestyle had changed since college, but Dr. Chesanow noted that a change of lifestyle is not conclusive evidence of recovery. Consequently, the NTSB could reasonably conclude that Seaquist did not provide clinical evidence of recovery.

## IV. CONCLUSION

The NTSB did not abuse its discretion in concluding that Seaquist should be denied airman certification. The petition for review is DENIED.

6