**BLACKWELL CONSTRUCTION CO.**
and

**Employers Mutual Liability Insurance Company of Wisconsin, Plaintiffs,**

v.

**Jack GARRELL, Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, District of Columbia Compensation District, Defendant,**

and

**Mathilda Foux and Robert Wayne Foux, Intervenors.**

Civ. A. No. 1845–71.

United States District Court, District of Columbia.

Dec. 15, 1972.

John C. Duncan, III, Washington, D. C., for plaintiffs.

Ellen Lee Park, Asst. U. S. Atty., George M. Lilly, Dept. of Labor, Washington, D. C., for the Government.

Philip J. Lesser, Washington, D. C., for Mathilda Foux and Robert Foux, intervenor defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT ORDER

PARKER, District Judge.

Plaintiffs Blackwell Construction Company and Employers Mutual Liability Insurance Company of Wisconsin initiated this action under the Longshoremen's and Harbor Workers' Compensation Act, Title 33, U.S.Code, Section 921 (1927), as made applicable to the District of Columbia by Title 36, D.C.Code, Section 501 (1967). They sought to enjoin enforcement of a Compensation Order and Award of Death Benefits entered in Case No. 30222f by the defendant, Jack Garrell, Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, District of Columbia Compensation District, in favor of the intervenor-defendants, Mathilda Foux and Robert Wayne Foux.

The matter was heard on motions for summary judgment filed by the three parties. The Court, having considered the memoranda of points and authorities, the oral argument of counsel and it appearing that the significant material facts have been stipulated to by counsel, enters the following findings of fact and conclusions of law:

### Findings of Fact

1. This is a review of an administrative determination made by the defendant, Deputy Commissioner of the Bureau of Employees' Compensation. In the proceeding before the Bureau, Case No. 30222f, the parties waived a formal hearing and stipulated to the following:

a. On August 28, 1968, Wilbur D. Foux sustained an accidental injury arising out of and in the course of his employment with Blackwell Construction Company which resulted in his death on the same date. At that time the liability of Blackwell for workmen's compensation benefits was insured by Employers Mutual Liability Insurance Company.

b. The death of the employee was compensable under the Longshoremen's and Harbor Workers' Compensation Act as made applicable to the District of Columbia. Blackwell had actual notice of the injury and death of its employee on August 28, 1968.

c. On October 30, 1968, a claim for workmen's compensation death benefits was filed with the defendant Deputy Commissioner by one, Veronica Foux who represented herself to be the widow of Wilbur D. Foux. Blackwell and Employers Mutual proceeded to pay compensation to Veronica Foux from August 29, 1968 to May 23, 1969, at which time the latter stopped payments because the claimant had failed to submit evidence of her alleged marriage to Wilbur D. Foux. Employers' Mutual filed appropriate notice with the Bureau of Employees' Compensation of such termination of payments.

d. Thereafter, Blackwell and Employers Mutual were made aware of the existence of the claim of the intervenor-defendants, Mathilda Foux as the widow and Robert Wayne Foux as the minor child of the deceased employee. Notice of their claim was sent to Blackwell by Jerome L. Cohen, in a letter dated August 15, 1969. Blackwell sent a copy of that letter to Employers Mutual on August 19, 1969.

e. On November 17, 1969, Employers Mutual wrote to the intervenor-defendants' attorney advising him that a claim should be filed with the Bureau of Employees' Compensation. An appropriate

claim, together with supporting documents, was filed on December 16, 1969.

f. Blackwell and Employers Mutual controverted the claims of the intervenor-defendants on the ground that they were not filed with the Bureau within one year from the date of death of the deceased employee.

g. Mathilda Foux is the lawful surviving widow of the deceased employee, was married to him on April 10, 1944, and was living apart from him at the time of his death for justifiable cause or by reason of his desertion. Robert Wayne Foux is the natural child of the deceased employee and Mathilda Foux and was born to them on September 10, 1952.

2. On August 18, 1971, the Deputy Commissioner entered a formal award which found, *inter alia,* that:

a. Veronica Foux had not been married to the deceased employee and was not entitled to compensation as the surviving wife within the meaning of Section 9(b) of the Longshoremen's and Harbor Workers' Compensation Act.

b. The total amount paid to Veronica Foux by Blackwell and Employers Mutual was not compensation within the meaning of Section 2(12) of the Act and did not inure to the benefit of Mathilda Foux as compensation.

c. The letter of August 15, 1969 to Blackwell claiming compensation benefits on behalf of Mathilda Foux and Robert Wayne Foux was retained by Blackwell and Employers Mutual, and was neither returned to the claimant or her attorney nor forwarded to the Deputy Commissioner for filing.

d. Blackwell and Employers Mutual were aware that retention of the letter of August 15, 1969 claiming death benefits until after the statutory time to file such claim with the Deputy Commissioner as prescribed by Sections 13(a) and 30(f) of the Act, could be prejudicial to the rights of the claimant and minor son.

e. By retaining the claim letter of August 15, 1969, and failing to either promptly return it to the claimant or her attorney or forward it to the Deputy Commissioner for filing, Blackwell and Employers Mutual gave claimant and her attorney reason to believe that their acceptance of the claim letter prior to the expiration of one year from the date of the employee's death constituted compliance with the claim filing requirement of Section 13(a) of the Act, and that no further action was necessary by the claimant and the minor child of the employee to assert their entitlement to death benefits under the Act.

f. Blackwell and Employers Mutual are estopped from raising the statute of limitations as a defense against the otherwise uncontroverted claim for death benefits of the claimant and the minor child of the employee. Consequently, the claimant filed the claim for death benefits within one year of the death of the employee within the intent and meaning of Sections 13(a) and 30(f) of the Act.

g. Robert Wayne Foux, the minor son of the deceased employee, was 16 years of age at the time of his father's death and no guardian was appointed for him. Under Section 13(c) of the Act the one year limitation for filing a claim for compensation benefits was tolled as to Robert Wayne Foux and did not begin to run until a guardian was appointed for him or until he became of age.

h. Mathilda Foux and Robert Wayne Foux are entitled to death benefits as the surviving wife and child, respectively, of the deceased employee.

### Conclusions of Law

1. The finding by the Deputy Commissioner of facts constituting an estoppel of Blackwell and Employers Mutual from asserting the defense of the statute of limitations under Section 13(a) of the Act is supported by substantial evidence on the whole record.

2. The doctrine of estoppel may be asserted in cases brought under the Longshoremen's and Harbor Workers'

Compensation Act to prevent a party from relying on the defense of the statute of limitations under Section 13(a) of the Act. The Supreme Court has held that estoppel is applicable to bar a defense based on the limitation provision of the Federal Employers' Liability Act. Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 235, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). *Cf.* Burnett v. New York Central R. R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). There is nothing in the language or history of the Longshoremen's and Harbor Workers' Compensation Act to indicate that a different result is required where equitable considerations such as estoppel are sought to be raised under this statute.

■ 3. The Deputy Commissioner correctly concluded that the one year time limitation for filing a claim was tolled as to Robert Wayne Foux under Section 13(c) of the Act because he had no guardian or other authorized representative with the legal duty to file a claim on his behalf.

■ 4. The claim of the intervenor-defendants Mathilda Foux and Robert Wayne Foux of December 16, 1969 was timely filed under Section 13(a) of the Act. Section 13(a) specifies that "payment of compensation" made on account of the death of a person covered under the Act will toll the filing period so that a claim may be filed within one year after the date of the last payment. The payments made to Veronica Foux by Blackwell and Employers Mutual on account of the death of Wilbur D. Foux were payments of compensation and tolled the filing period so that the claim of Mathilda and Robert Wayne Foux was timely filed.

■ 5. The conclusion of the Deputy Commissioner that the payments to Veronica Foux were not compensation is erroneous. Blackwell and Employers Mutual made payments to Veronica Foux in view of their liability for the death of Wilbur D. Foux, whose death was stipulated to be compensable under the Act. Payments made with the intent of providing a money allowance to a dependent of the decedent are payments of compensation within the meaning of Sections 2(12) and 13(a). *Cf.* Great Lakes Dredge & Dock Co. v. Brown, 47 F.2d 265, 266 (N.D.Ill.1930); Travelers Insurance Company v. Belair, 290 F. Supp. 221, 223 (D.Mass.1968).

■ 6. Under Section 13(a) if voluntary payment of compensation is made on account of a compensable death a claim may be filed within one year of the date of the last payment. The Act does not require that such a claim be filed by the same person to whom the voluntary payment was made. To read such a requirement into the Act would not be consonant with the policy of the Act or of Section 13(a), and would result in an undeserved "windfall" to the plaintiffs. The primary purpose of Section 13(a) in limiting the period in which to file is the protection of the employer and insurance company from unfairness involved in the investigation and defense of old claims. When payments are voluntarily made by the employer and insurance company on account of an admittedly compensable death, there is no unfairness in tolling the filing period during the time the payments are made, and the consequences of the tolling to the employer and insurance company are no different because of the identity of the party at whose instance the filing period is tolled. Plaintiffs suffer no greater disadvantage as a result of the tolling of the filing period for the benefit of the intervenor-defendants than they would if the subsequent claim had been filed by Veronica Foux. Any adverse consequences to the plaintiffs due to the tolling of the filing period are a direct result of their own voluntary and erroneous payments.

■ 7. It is well recognized that the Act is to be liberally construed in the light of its remedial and humanitarian purpose. Voris v. Eikel, 346 U.S. 328, 333, 74 S.Ct. 88, 98 L.Ed. 5 (1953). The Court will not construe the Act so

as to enable plaintiffs to escape liability to persons entitled to recover for an admittedly compensable death by reading into it technical restrictions on the tolling of the filing period which are inconsistent with the purpose of the Act.

Accordingly, it is by the Court this 15th day of December, 1972,

Ordered, that the motion of the plaintiffs for summary judgment be and the same is hereby denied; and it is further

Ordered that the motions of the defendant and intervenor-defendants for summary judgment be and the same are hereby granted; and it is further

Ordered that judgment be and the same is hereby entered for defendant and intervenor-defendants.