Charles William **VOIGHT**

v.

**R.L. ELDRIDGE CONSTRUCTION INC., Gabby's Dock Shipyard**

No. 1:04–CV–532.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 8, 2006.

Charles William Voight, Port Arthur, TX, Pro se.

Peter Thompson, Thompson & Reilley, P.C., Houston, TX, for Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

The court referred this case to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report and Recommendation of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence.

The magistrate judge recommended that defendants' motions to dismiss and for partial summary judgment be granted. Further, because that will dispose of all parties and claims, final judgment should be entered.

Plaintiff has not objected to the magistrate judge's proposed findings, conclusions of law or recommendation of disposition. However, defendants filed an objection to footnote nine (9) in the report (*See* Docket No. 61). For the purpose of preserving their argument in the event of appeal, defendants request that the court amend the magistrate judge's report by excluding footnote nine. Defendants claim footnote nine suggests they "failed to specifically address the issue of whether the work barges in question qualify as 'vessels' for the purposes of the Jones Act" (*See* Def.'s Objections at 1).

Upon conducting a *de novo* review of the magistrate judge's report and defendant's objection, the court first concludes footnote nine does not intimate that defendants failed to address the vessel issue. Rather the magistrate judge's analysis does not specifically address the vessel issue. The magistrate judge's report correctly determined that plaintiff was not a "seaman" under the Jones Act because no admissible evidence showed he contributed to the function of a vessel or that he had a substantial connection to a vessel. Footnote nine merely recites that the magistrate judge's report only "assumes arguendo" that the work barges in question were vessels.

In any event, Fifth Circuit precedent has changed the definition of a "vessel" under the Jones Act since the magistrate judge's report was filed. In response to *Stewart v. Dutra Construction Co.*, 543 U.S. 481, 125 S.Ct. 1118, 160 L.Ed.2d 932 (2005), the circuit court in *Holmes v. Atlantic Sounding Company, Inc.* recently adopted Title 1, United States Code, Section 3, as the definition of "vessel" for claims under the Jones Act. Section 3 provides: "The word 'vessel' includes every description of watercraft or other artificial

contrivance used, *or capable of being used,* as a means of transportation on water." *See* 437 F.3d 441 (5th Cir.2006) (emphasis in original). The Supreme Court in *Stewart* held that, "[u]nder § 3, a 'vessel' is any watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment." *Id.* at 1129. The circuit's new definition of "vessel" is now sweepingly broad, and it reveals that watercrafts formerly held not to be "vessels" under the Jones Act may now be "vessels" for "seaman" status purposes. Consequently, the magistrate judge's arguendo assumption was not error.

The court has considered the magistrate judge's report and conducted a *de novo* review of defendant's objection. The court concludes that the findings of fact and conclusions of law of the magistrate judge are correct. Defendant's objection is **OVERRULED**. Accordingly, the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** that defendant's motion for partial summary judgment (Docket No. 46) is **GRANTED**. It is further

**ORDERED** that defendant's Rule 12(b)(1) motion to dismiss (Docket No. 47) is **GRANTED**. The purpose of referral having been served, it is further

**ORDERED** that the reference to the magistrate judge is **VACATED**.

Because both motions above dispose of all parties and claims, the court will enter final judgment separately.

---

1. This action is assigned for trial to Hon. Thad Heartfield, United States district judge. It is referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636 and Beaumont General Order 03–16.

2. Plaintiff was incarcerated when his complaint was filed. Pursuant to the Prison Litigation Reform Act, the court permitted plaintiff to proceed *in forma pauperis,* but ordered

# REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This report addresses defendants' motions to dismiss and for partial summary judgment.[1]

## I. NATURE OF SUIT; PARTIES

Plaintiff sues his former employer to recover compensatory damages for on-the-job personal injuries sustained by plaintiff and allegedly caused by his employer's negligence. Plaintiff invokes this court's subject-matter jurisdiction under two federal statutes: (1) Longshore & Harbor Worker's Compensation Act, 33 U.S.C. §§ 901–950 (2000), and (2) Jones Act, 46 U.S.C.App. § 688 (2000).

Plaintiff is Charles W. Voight (Voight), a resident of Port Arthur, Texas. Plaintiff appears *pro se* (self represented).[2]

Defendants are R.L. Eldridge Construction, Inc. (Eldridge) and Gabby's Dock Shipyard. Eldridge is a Texas corporation with its principal office in Sabine Pass, Texas. Eldridge is a marine construction company that during relevant times operated a docking facility known as "Gabby's Dock" located near the farthest point of Sabine Pass, Texas, and extending into the Gulf of Mexico.

## II. FACTUAL BACKGROUND

This report generally adopts the version of facts advocated by plaintiff (the non-movant), or as recited by defendant without opposition from plaintiff.[3]

---

him to pay a partial filing fee of $5.05 and the remaining balance in monthly installments from his inmate prison account. Order Re Collection & Payment of Full Filing Fee, Jan. 3, 2005; Initial Partial Filing Fee Order, Dec. 2, 2004. Plaintiff was released in January of 2005.

3. When considering a motion for summary judgment, the court must view all evidence in the light most favorable to the non-moving

In July, 2003, Voight was employed by Eldridge as a crane rigger.[4] His duty station was Gabby's Dock, which Eldridge leased to R & R Marine for refurbishing an oil drilling rig. The project was known as the "Ensco 60 project."

Eldridge's flat-top barges were used as work platforms and for movement of construction materials from Gabby's Dock to the rig. Compl. at 3, Aug. 19, 2004; Def.'s Partial Summ. J. Mot. at 2, ¶ 3, June 29, 2005; Pl.'s Resp. at 8, ¶ 3, Aug. 1, 2005. Eldridge's barges were moved into place alongside the drilling rig by push boats, and then were secured to the dock and rig legs. Pl.'s Resp. at 8. Construction materials were moved from Gabby's Dock onto the barges by Eldridge's dockside crane.[5] Compl. at 3; Def.'s Partial Summ. J. Mot. at 2.

Eldridge sub-contracted its dockside crane riggers to assist R & R Marine in loading materials for the Ensco 60 project. Eldridge's crane riggers prepared loads of materials on the dockside while R & R Marine and Ensco employees unloaded materials onto the barges. Although Eldridge crane riggers primarily worked on the dockside, they occasionally assisted on the barges. Def.'s Partial Summ. J. Mot. at 2, ¶ 4; see also Aff. of Darvis Eldridge at 2, June 15, 2005; Aff. of Kenneth Brown at 2, June 15, 2005.

Voight alleges that on July 30, 2003, he was assisting on one of the barges. See Compl. at 3. He was injured when struck by a steel plate being moved by Eldridge's crane. The impact slammed him against a steel trash container, causing severe nerve damage and great pain to the left side of his body. See Compl. at 3, 11–17. Plaintiff contends that defendants were negligent in failing to maintain a safe working environment. He seeks to recover monetary damages in the amount of $2.5 million.

### III. DEFENDANTS' MOTIONS

Through two separate motions, defendants seek dismissal of this action pursuant to Rules 12(b)(1), 12(b)(6) and 56, Federal Rules of Civil Procedure. Defendants argue, first, that this court lacks jurisdiction to entertain an original claim for compensation under the Longshore & Harbor Worker's Compensation Act (LHWCA). Second, defendants argue that Voight can-

party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(c). When considering a motion to dismiss under Rule 12, Federal Rules of Civil Procedure, the court must decide whether the facts alleged, if true, would entitle plaintiff to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).

**4.** Plaintiff offers to the court a definition of "crane rigger" from the Dictionary of Occupational Titles, vol. II, § 921.260–010, which provides:

> [A crane rigger] [a]ssembles rigging *to lift* and *move equipment* or material in man-

ufacturing plant, *shipyard*, or on *construction project*: Selects cables, ropes, pulleys, winches, blocks, and sheaves, according to weight and size of load to be moved.... *Attaches* load with *grappling devices*, such as loops, wires, ropes, and chains, to crane hook. *Gives directions to overhead crane operator ... engaged in hoisting and moving loads to ensure safety of workers and materials handled, using hand signals*, loudspeaker, or telephone. Sets up, braces, and *rigs hoisting equipment*, using handtools and power wrenches .... [w]hen hoisting and moving construction machinery onto truckbeds.

*See* Comp. at 6, Aug. 19, 2004 (emphasis added in Comp.).

**5.** Plaintiff asserts that the materials were moved from the barge to the oil rig with Ensco's oil rig crane for installation. *See* Pl.'s Aff. in Comp. at 21.

not succeed under the Jones Act because he has no evidence sufficient to raise a genuine issue of material fact as to whether he was a seaman. Finally, defendants argue that "Gabby's Dock Shipyard" is not a legal entity and thus lacks jural capacity to be sued.

Voight's response does not address the jural capacity argument. As for his LHWCA claim, Voight argues that this court has subject-matter jurisdiction because defendants' failed to comply with his requests for production of documents and necessary forms thereby preventing him from filing his worker's compensation claim with the U.S. Department of Labor. Pl.'s Resp. at 10, ¶ 2. Regarding his Jones Act claim, Voight argues that he satisfies Jones Act "seaman" status in that he was injured on a barge that is a vessel. Pl.'s Resp. at 8.

## IV. DISCUSSION AND ANALYSIS

### A. Distinctions Between Jones Act and LHWCA

Congress adopted the Jones Act in 1920 to provide a right to maintain actions in federal district courts to seamen who in the course their employment suffer personal injury resulting from their employers' negligence. *See Benedict on Admiralty* vol. 1, § 175, 11–42 (7th ed., Matthew Bender 2005). Seven years later, Congress adopted the LHWCA to provide relief for land-based maritime workers who suffer such personal injuries. *Id.* at vol. 1A, § 7. LHWCA claims are filed with the deputy commissioner for the U.S. Department of Labor in the compensation district in which injuries occurred. Compensation is payable irrespective of fault as a cause for injury. 33 U.S.C. §§ 904(b), 913(a) (2000); *see also Bludworth Shipyard, Inc. v. Lira,* 700 F.2d 1046 (5th Cir.1983); *Voris v. Texas Emp. Ins. Ass'n.,* 190 F.2d 929 (5th Cir.1951).

The LHWCA expressly excludes from its coverage "a master or member of a crew of any vessel." *See* 33 U.S.C. § 902(3)(G) (2000). In *Swanson v. Marra Brothers, Inc.,* the Supreme Court declared that "master or member of a crew" is equivalent to the term "seaman" under the Jones Act. *Swanson,* 328 U.S. 1, 7, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). Consequently, the Jones Act and the LHWCA are "mutually exclusive compensation regimes." *Chandris, Inc. v. Latsis,* 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995); *McDermott Int'l, Inc. v. Wilander,* 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991); *Swanson,* 328 U.S. at 7, 66 S.Ct. 869; *Becker v. Tidewater,* 335 F.3d 376, 386 (5th Cir.2003); *Nunez v. B & B Dredging, Inc.,* 288 F.3d 271, 275 (5th Cir.2002). An injured maritime worker may be entitled to compensation under one regime or the other, but not both. *Chandris,* 515 U.S. at 355–56, 115 S.Ct. 2172.

### B. LHWCA Jurisdiction

Congress created a statutorily-defined scheme to allow agency expertise to adjudicate and review all claims by land-based maritime workers. *See Ceres Gulf v. Cooper,* 957 F.2d 1199, 1208 (5th Cir. 1992) (citing *Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co.,* 379 U.S. 411, 420, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965)). The circuit court in *Ceres Gulf* outlined Congress's scheme under the LHWCA, stating:

[LHWCA] empowers the [Labor Department's] deputy commissioner [of the district office of the division of longshore and harbor worker's compensation] to order a hearing before an ALJ [administrative law judge], § 919(c), and authorizes appeals of claim determinations to the BRB [benefits review board], § 921(b), with review of its orders in a court of appeals, § 921(c).

*See* 33 U.S.C. §§ 919, 921 (2000). Thus, federal trial courts lack original subject-

matter jurisdiction to resolve claims under the LHWCA. *Ceres Gulf v. Cooper,* 957 F.2d at 1207–08; *Watson v. Massman Constr. Co.,* 850 F.2d 219, 224 (5th Cir. 1988). Employer liability is exclusively relegated to the administrative processes of the LHWCA, meaning any other liabilities of such employer to the employee are pre-empted. *See Atkinson v. Gates, McDonald & Co.,* 838 F.2d 808, 809–10 (5th Cir.1988).[6] The district court's role is limited to enforcing administrative compensation orders. *See* 33 U.S.C. § 921(d) (2000). ▮▮▮ Voight does not seek here to enforce an administrative compensation order. Rather, he seeks to prosecute an original claim for compensation against his employer under the LHWCA. This court lacks jurisdiction to adjudicate that claim.[7] Consequently, defendants' Rule 12(b)(1) motion asserting lack of jurisdiction should

be granted, and plaintiff's LHWCA claim should be dismissed without prejudice to its reassertion in proper administrative proceedings before a deputy commissioner of the U.S. Labor Department in the appropriate district office of the Division of Longshore and Harbor Worker's Compensation.[8]

## C. Voight's Status as a Jones Act Seaman

▮▮▮ The Jones Act only benefits injured seamen. *See* 46 U.S.C.App. § 688. The Act does not define the term "seaman," and that task fell upon the courts which concluded that the issue of seaman's status is a mixed question of law and of fact. *Chandris,* 515 U.S. at 369, 115 S.Ct. 2172. Ultimately, the Supreme Court established a "two-part status-based test," essentially adopting a standard previously

---

6. Under 33 U.S.C. § 905, subsections (b) and (c), an employee who falls under the LHCWA or by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, falls under the LHCWA may bring a claim against third parties who may be liable for the negligence of a vessel. *See also* 33 U.S.C. § 933 (2000). Title 43, Section 1333 of the United States Code provides that employees conducting operations involving the outer Continental Shelf may bring a claim for compensation under the LHWCA. *See also Longmire v. Sea Drilling Corp.,* 610 F.2d 1342 (5th Cir.1980).

7. *See* 33 U.S.C. § 905(a) (2000). Voight will not be prejudiced necessarily by bringing his LHWCA claim before the appropriate administrative agency at this late date. If the present suit was timely for LHWCA purposes, the one-year limitations period for bringing an administrative claim is tolled and does not begin to run until the date this suit is terminated. 33 U.S.C. § 913(d); *Hill v. Director, Office of Worker's Comp. Programs,* 195 F.3d 790, 793–94 (5th Cir.1999); *Vodanovich v. Fishing Vessel Owners Marine Ways, Inc.,* 27 BRBS 286 (1994); *Calloway v. Zigler,* 16 BRBS 175 (1984); *McCabe v. Ball Builders, Inc.,* 1 BRBS 290 (1975). Moreover, even if the present suit was filed after the LHWCA limitations period, the limitation period may be tolled if (1) employer failed, neglected, or

refused to file an injury report with the Secretary of Labor within ten days from when it became knowledgeable of such injury, *see* 33 U.S.C. § 930(f) (2000); *Avondale Shipyards, Inc. v. Vinson,* 623 F.2d 1117, 1121 (5th Cir. 1980); *Base Billeting Fund, Laughlin Air Base v. Hernandez,* 588 F.2d 173, 177 (5th Cir. 1979); *Associated Indem. Corp. v. Shea,* 455 F.2d 913, 915 (5th Cir.1972); (2) defendant *fails to make such objection during administrative proceedings, see* 33 U.S.C. § 913(b); *see also Globe Indem. Co. v. Calbeck,* 230 F.Supp. 14 (S.D.Tex.1960); *Cabral v. Eastern Assoc. Coal Corp.,* 18 BLR 1–25, n. 7 (DOL Ben.Rev.Bd.1993); or (3) a deputy commissioner decides defendant is estopped from claiming such an administrative defense because of defendant's alleged misconduct that prevented plaintiff from filing his claim under the LHWCA. *See* 33 U.S.C. § 913(b); *see also Blackwell Const. Co. v. Garrell,* 352 F.Supp. 192, 195–96 (D.C.Cir.1972) (citing *Glus v. Brooklyn Eastern Terminal,* 359 U.S. 231, 235, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959)).

8. Information about the U.S. Department of Labor's Division of Longshore and Harbor Worker's Compensation is available at www.dol.gov/esa/owcp /dlhwc/lscontac.htm.

articulated in the Fifth Circuit case, *Offshore Co. v. Robison*, 266 F.2d 769 (5th Cir.1959). That standard involves two inquiries:

> First ... an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission.... Second, and most important ... a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) *that is substantial in terms of both its duration and its nature.*

*Chandris*, 515 U.S. at 368, 115 S.Ct. 2172 (emphasis added). As for the second requirement, the Fifth Circuit's rule of thumb is that a maritime worker who spends less than 30% of his time working on a vessel does not qualify as a Jones Act seaman. *Nunez*, 288 F.3d at 277 (noting that *Chandris* found this rule appropriate for ordinary status cases).

■■ When reasonable minds can differ as to a plaintiff's status, the issue is for the jury. *Chandris*, 515 U.S. at 369, 115 S.Ct. 2172. But, absent evidence sufficient to raise a genuine issue of fact on each *Chandris* requirement, there is no evidentiary basis for a case to go to a jury under the Jones Act. *Nunez*, 288 F.3d at 274. Thus, a court may take the question of "status" from the jury by granting summary judgment or a directed verdict when undisputed facts reveal that a maritime worker only has a "temporal connection" to vessels in navigation. *Chandris*, 515 U.S. at 371, 115 S.Ct. 2172; *Palmer v. Fayard Moving and Transp. Corp.*, 930 F.2d 437 (5th Cir.1991).

■ The fact that a maritime worker's injury occurs on a floating vessel does not confer "seaman" status automatically. When evaluating status, courts do not employ a "snapshot" test, inspecting only the situation as it existed at the very moment of an alleged injury. *Chandris*, 515 U.S. at 363, 115 S.Ct. 2172. Rather, courts look for a more "enduring relationship" with a vessel. *Id.* A maritime worker who spends little time on a vessel is *fundamentally* a land-based employee because of his *temporal* relationship with a vessel. *Id.* at 371, 115 S.Ct. 2172.

■ In the present case, affidavits submitted in support of Eldridge's motion for partial summary judgment claim that Voight was a land-based employee who *rarely* worked on the barges tied alongside the drilling rig. Two affidavits claim Voight was assigned to work on the dockside his entire employment and he performed no more than one percent of his work on the barges. *See* Affs. of Darvis Eldridge, Jerry Eldridge, & Kenneth Brown. Plaintiff does not dispute those assertions.

Under these circumstances, Voight produces no admissible evidence that he either contributed to the function of a vessel in navigation or to the accomplishment of its mission, or that he had more than a temporal connection to it. Consequently, no genuine issue exists as to whether plaintiff qualifies as a "seaman," defendants' motion for partial summary judgment must be granted.[9]

---

9. This analysis assumes *arguendo* that Eldridge's work barges qualify as vessels in navigation. Had that issue been addressed specifically, the court might be compelled to conclude further that Voight is not a Jones Act seaman because stationary barges used as work platforms and secured to a dock have been held not to be vessels in navigation for Jones Act purposes. *Manuel v. PAW Drilling*

*& Well Serv., Inc.*, 135 F.3d 344, 349 (5th Cir.1998); *Cook v. Belden Concrete Prods., Inc.*, 472 F.2d 999, 1000–01 (5th Cir.1973); *see also Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir.1999); *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560 (5th Cir.1995); *Burchett v. Cargill, Inc.*, 48 F.3d 173 (5th Cir.1995); *Mouton v. Tug "Ironworker"*, 811 F.2d 946 (5th Cir.1987).

## D. Other Arguments

Under the foregoing analysis, plaintiff's LHWCA cause of action must be dismissed for lack of subject-matter jurisdiction, and plaintiff's Jones Act claim must be dismissed because Voight fails to raise a genuine issue of material fact on an element essential to that claim, *viz.* that on the occasion in question he was a seaman within the meaning of the definitions established in *Chandris* and *Nunez.* Such action disposes of all claims, and provides defendants with complete relief. As such, it is not necessary to address defendants' arguments under Rule 12(b)(6), Federal Rules of Civil Procedure and their assertion that the named defendant, Gabby's Dock Shipyard lacks jural capacity to be sued.

## V. RECOMMENDATIONS

(1) Defendant's Rule 12(b)(1) motion to dismiss plaintiff's compensation claim under the Longshore & Harbor Worker's Compensation Act for lack of jurisdiction (Docket No. 47) should be granted.

(2) Defendant's motion for partial summary judgment on plaintiff's cause of action under the Jones Act (Docket No. 46) should be granted.

(3) Because granting of both motions above will dispose of all parties and claims, the court should enter also final judgment in favor of defendants.

## VI. OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988),

and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415, (5th Cir.1996) (en banc).

SIGNED this 12th day of January, 2006.